TWINE, SADDLER AND SAWNER V. ALICE KILGORE.

1. PRACTICE IN JUSTICE COURT—*Bill of Particulars Sufficient.* A bill of particulars in a justice's court for work and labor which states the title of the court and the names of the parties and alleges that the defendant is indebted to the plaintiff in a sum certain for work and labor performed at the instance and request of defendant and that the amount is due and unpaid states a good cause of action. The law does not require that strictness in pleading in justices' courts that prevails in the district courts.

2. VERDICT—*Will Be Permitted to Stand, When.* It is not the province of an appellate court to take from the jury the right to weigh conflicting evidence and determine controverted questions of fact, and when there is any evidence reasonably tending to support the verdict it will be permitted to stand.

3. NEW TRIAL—*Not Error to Overrule Motion for, When.* It is not error to overrule a motion for a new trial based upon the ground of newly discovered evidence when such newly discovered evidence is merely cumulative.

4. SAME—*What Motion Should Show.* A motion for a new trial on the ground of newly discovered evidence should show that the applicant used due dilligence to procure and present the evidence on the trial and the facts constituting the dilligence must be shown so that the court may determine whether the dilligence used was sufficient.

5  PLEADING — *Appeal* — *Questions Not Considered.*  While it is a
loose method of pleading, and one not to be commended, to sue
parties by the initials of their christian names only, yet if no ad
vantage is taken of it in the court below the appellate court will not
consider such objection on appeal.

*Error from the District Court of Logan County.*

*C. R. Buckner*, for appellants.

*H. R. Thurston*, for appellee.

The opinion of the court was delivered by

BURFORD, J.: This action was originally instituted
before a justice of the peace in Logan county by the
appellee, Alice Kilgore, to recover of the appellants
for work and labor performed as cook and servant in
a hotel.   Trial was had before the justice and judg-
ment rendered in favor of the plaintiff, Alice Kilgore.
From this judgment the defendants appealed to the
district court, where the cause was again tried by
jury and a verdict rendered in favor of plaintiff in the
sum of forty-five dollars, and ten dollars additional
for her attorney's fee.  Motion for a new trial was filed
and overruled and judgment rendered on the verdict.
From this judgment the appellants appeal to this court.

There are five assignments of error, but all the
questions raised are embraced in the second and fifth
assignments.   In the second assignment of error it is
claimed that the court erred in overruling the appel-
lants' demurrer to the appellee's complaint.  As the
action was originally instituted before a justice of the
peace, the petition (or bill of particulars, as it is
designated in the act regulating the practice in
justices' courts), is not required to be as certain, defi-
nite and exact as pleadings in the district court.   The
complaint contains the title of the cause, states the
court in which it was filed, and sets out in ordinarily
plain language, that the defendants are justly indebted

to the plaintiff, in a certain sum of money, for labor and work performed by her during a certain specified time, at the special instance and request of the defendants; that the amount is due and that payment had been refused.   This constitutes a good complaint in a justice's court and there was no error in overruling the demurrer.   It is argued by counsel for the appellants that the demurrer should have been sustained for the reason that the defendants are described in the complaint by the initials of the christian names only.   There is nothing to show that this objection was made in the court below.

The supreme court of the United States in *Monroe Cattle Co. v. Becker*, 147 U. S. p. 47, in discussing this same question, said: ''Initials are no legal part of a name, the authorities holding the full christian name to be essential.''   After citing a number of authorities in support of this proposition, the court says:

'' This loose method of pleading is not one to be commended, but as no advantage was taken of it in the court below, it will not be considered here.''

The fifth assignment of error is that the court erred in overruling appellants' motion for a new trial.   The first cause assigned for motion for new trial is ''that the verdict of the jury is not sustained by sufficient evidence.''   We have examined the evidence in the case, and, while it is contradictory, there is evidence sufficient to support the finding of the jury.   It is not the province of an appellate court to take from the jury the right to pass upon the questions of fact involved in the case, and where there is any evidence tending to support the verdict of the jury, a case will not be reversed for the reason that the evidence does not sustain the verdict.

The second ground for new trial is ''that the verdict of the jury is contrary to law,'' and the third

cause, "that the verdict of the jury is contrary to the instructions of the court." The record discloses nothing in support of either of these contentions. The fourth cause is based upon the grounds of newly discovered evidence, and is supported by the affidavits of several witnesses, to the effect that they had heard the plaintiff, during the time she was in the employ of the defendants, make oral statements to the effect that she was working for her board and lodgings. This was one of the questions in controversy, in the trial of the cause, before the jury, and the facts stated in the affidavits are merely cumulative. New trials will not be granted to permit the introduction of merely cumulative evidence. And evidence of the same kind, addressed to the same point, is cumulative. ( *Hinds v. Driver*, 100 Ind. 315; *Fever v. Johnson*, 79 Ind. 554; *Harper v. State, ex rel. Adams*, 101 Ind. 109; *Penn. R. R. Co. v. Nations*, 111 Ind. 203.)

Where admissions of a party to the same point are given in evidence on the trial, other admissions of a similar character and to the same point are cumulative. ( *Hinds v. Driver*, 100 Ind. 315.)

An application for a new trial on the ground of newly discovered evidence, must show that the applicant used dilligence to procure and present the evidence upon the trial, and the facts showing due dilligence must be shown, so that the court may determine whether the dilligence used was sufficient. ( *Allen v. Bond*, 112 Ind. 523; *Hamm v. Romine*, 98 Ind. 77.)

There is no showing in the case at bar that the defendants used any dilligence whatever to procure the testimony upon which their motion for a new trial is based, nor is there any allegation to the effect that they had no knowledge of such evidence prior to the trial of said cause.

The motion for a new trial was properly overruled.

We find no error in the record, and the judgment of the district court is affirmed.

Dale, C. J., not sitting; all the other Justices concurring.