## BURNS, *Receiver,* v. VAUGHT.

### No. 637.   Opinion Filed January 10, 1911.

1. **APPEAL AND ERROR—Evidence—Sufficiency.** Where the jury is properly instructed upon an issue of fact joined by the pleadings, and there is evidence reasonably tending to support their finding on that issue, their verdict will not be disturbed by the Supreme Court.

2. **NEW TRIAL—New Evidence—Diligence—Sufficiency of Showing.** A motion for new trial on the ground of newly discovered evidence should show that the applicant used due diligence to procure and present the evidence on the trial, and the facts constituting the diligence must be shown so that the court may determine whether the diligence was sufficient.

3. **FRAUDS, STATUTE OF—Contracts Relating to Real Estate.** In an action by the receiver of an insolvent bank against one of its former customers upon an overdraft and certain promissory notes, as a partial defense it was alleged, and the evidence tended to prove, that the defendant was the owner of a certain farm, which farm was sold to one A., and later to said bank; whereupon it was agreed between said A. and said defendant and said bank that said A. would execute to said bank a promissory note in the sum of $2,000 for the purpose of securing said

overdraft, 'and that the balance of said sum, after paying said
overdraft, was to be credited to the account of said defendant
with said bank. **Held,** that this contract, as between the bank
and the defendant, did not constitute a transaction involving
real estate within the purview of the statute of frauds.

(Syllabus by the Court.)

*Error from District Court, Stephens County; Frank M. Bailey,
Judge.*

Action by Robert Burns, as receiver of the Bank of Comanche
against G. W. Vaught. Judgment for defendant, and plaintiff
brings error. Affirmed.

*J. B. Wilkinson* and *Robert Burns,* for plaintiff in error.
*Gilbert & Bond,* for defendant in error.

KANE, J.   The issues in this cause in the court below were
substantially as follows: Robert Burns, as receiver of the Bank
of Comanche, commenced an action against defendant G. W.
Vaught to recover certain sums of money as follows: $4,000,
evidenced by a certain promissory note, with interest thereon at
the rate of 8 per cent. from date of said note; $272.50, evidenced
by a certain promissory note, with interest thereon at the rate of
8 per cent. from the date of said note; and the sum of $1,103.09,
an overdraft alleged to be due said Bank of Comanche at the time
of its liquidation. The defendant denied that he was indebted to
the plaintiff in any sum, and further alleged that said note for
$4,000, was given without consideration, and as a guaranty on
certain existing indebtedness existing at the time of the execution
of said note, and that such indebtedness guaranteed by said note
had been paid. That the defendant was the owner of a certain
farm in the Chickasaw Nation, which said farm was sold to one
A. Brown, and later to said bank, and it was agreed between said
A. Brown and said defendant and the Bank of Comanche, acting
through C. W. Brown, that said A. Brown would execute to said
bank a note in the sum of $2,000 for the purpose of securing said
alleged overdraft, and that balance of said $2,000, after paying
said overdraft, was to be credited to the account of said defendant

with said bank. The defendant prayed that upon final hearing the plaintiff take nothing by his suit, and that said defendant have judgment against the plaintiff, etc. The reply of the plaintiff was a general denial. Upon trial to a jury, there was a verdict for the defendant in the sum of $534.41, upon which judgment was rendered. To reverse this judgment this proceeding in error was commenced.

The grounds upon which plaintiff in error seeks a reversal, as we gather them from the brief of his counsel, are: (1) That said court erred in refusing to set aside the verdict of the jury, on the motion of plaintiff in error, on the ground that the amount of recovery in favor of defendant was too large; (2) The court erred in refusing to set aside the verdict, for the reason that after the trial of the cause the plaintiff discovered material evidence in his behalf which he was unable to procure until after the trial; (3) Error in admission of certain evidence over the objections of plaintiff.

On the first proposition counsel for plaintiff in error contends that the evidence shows that the land for which the $2,000 note was given belonged to the son of defendant, and that the defendant furnished the sum of $200 or $300 on the purchase of said land, and was therefore only entitled to that much as a credit, instead of the whole sum of $2,000. We do not believe the consideration that supports the contract between the defendant and the owner of the land is very material as far as the plaintiff in error is concerned. On this feature of the case the court instructed the jury:

"You are instructed, gentlemen of the jury, that in reference to the claim for overdraft made by plaintiff for $1,103.09, that the burden of proof is upon the plaintiff to establish the existence of such indebtedness. And you are instructed that if you believe from the evidence that the defendant Vaught, at the time of the failure of the Bank of Comanche, was indebted to said bank in the sum of $1,103.09, you should find for the plaintiff such sum, less any amount that might be due and owing to defendant by said bank. And in this connection you are instructed, gentlemen of the jury, that if you find from the evidence that

C. W. Brown, acting for and in behalf of the Bank of Comanche, accepted a certain promissory note of one Abe Brown's for the sum of $2,000 as a payment and as a credit upon the account of said defendant G. W. Vaught, such sum should be credited upon any amount that you may find due and owing to plaintiff herein by reason of the items of account herein named."

We believe that this was a correct instruction upon the issues joined by the pleadings, and as there was ample evidence to support the verdict of the jury, it will not be disturbed by this court.

The newly discovered evidence upon which the plaintiff in error contends he is entitled to a new trial consisted of this: The note of $4,000 sued upon had a statement attached to it as follows: "Guarantee note not counted in bills receivable." It is contended that, on account of this statement on said guaranty note, it should not have been counted in the bills receivable, and knowledge of this endorsement would have a great deal of weight on the jury in determining the fact as to whether said note was accommodation paper or whether, in fact, it was a guaranty note. It seems to us that this notation could have been discovered by the exercise of the most ordinary diligence. The 7th cause for a new trial provided by section 5825, Compiled Laws of Oklahoma, 1909, is:

"Newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

There is not a sufficient showing of diligence to discover the omitted evidence to warrant us in saying the court below committed error in refusing to grant a new trial on that ground.

"A motion for new trial on the ground of newly discovered evidence should show that the applicant used due diligence to procure and present the evidence on the trial, and the facts constituting the diligence must be shown, so that the court may determine whether the diligence used was sufficient." (*Twine et al. v. Kilgore,* 3 Okla. 640.)

The third contention is based upon the theory that the transaction between the defendant and the Browns in relation to the $2,000 note was a transaction in relation to real estate, and that it

was error to permit the introduction of parol evidence on that point. The arrangement between the receiver and the defendant on the branch of the case concerning the $2,000 promissory note is not a transaction involving real estate. The court, we think, properly instructed the jury on this question in the instruction hereinbefore set out. This instruction was given upon the theory that the land deal between the defendant and the owner of the land was not material except in so far as it was necessary to explain the arrangement whereby the bank was to receive the $2,000 promissory note and give the defendant credit for the same.

From a careful examination of the record, we are satisfied that the case was submitted to the jury upon the correct theory, and that the verdict of the jury is reasonably supported by the evidence. Under such circumstances, the judgment of the court below must be affirmed. It is so ordered.

DUNN, C. J., and HAYES and WILLIAMS, JJ., concur; TURNER, J., not participating.