## MOWATT v. BUTLER.

No. 2805.  Opinion Filed May 6, 1913.

(132 Pac. 329.)

**NEW TRIAL—Review—Grant of New Trial.** Under the ruling that, before a new trial will be granted because of newly discovered evidence it must be made to affirmatively appear that the new evidence would be sufficient to probably produce a different result, a certain amount of discretion is vested in the trial court, and his ruling will not be reversed here, unless we are able to see that such evidence would probably produce a different result.

(Syllabus by Sharp, C.)

*Error from Kay County Court;*
*Claude Duval, Judge.*

Action by Martin Butler against John Mowatt. Judgment for plaintiff, and defendant brings error. Affirmed.

*Sam K. Sullivan,* for plaintiff in error.
*G. A. Chappell,* for defendant in error.

Opinion by SHARP, C. Plaintiff in error asks a reversal of the judgment of the lower court upon the sole ground that the court erred in overruling the defendant's motion for a new trial on the ground of newly discovered evidence. This evidence consists of an affidavit made by one S. J. Fields on the second day following the return of the jury's verdict, and which affidavit has in the main subsequently been either explained or repudiated. It is not necessary, however, to rest this opinion upon the said subsequent affidavit, as the order overruling the motion for a new trial, supported by the original affidavit, fails to disclose that it was such an abuse of discretion by the trial court as would call for a reversal of the case. The controversy between the plaintiff and defendant arose over the sale of certain stalk fields and a field of shocked corn. The defendant denied that he purchased the stalk fields, and pleaded payment of the purchase price of the shocked corn. Plaintiff

admitted that defendant had paid on account $385.50, but claimed a balance due of $282.20. Supporting plaintiff's testimony that he sold defendant the stalk fields is the positive testimony of Frank Rogers, W. H. Wood, and N. F. Boone. Each of these witnesses testified positively to admissions of Mowatt that he had purchased the stalk fields. This was denied by the defendant. His only witness, his brother, knew nothing of the purchase either of the shocked corn or the stalk fields. Defendant does not claim that he ever paid anything on account of the stalk fields, so that in any event plaintiff would be entitled to recover for the stalk fields. That part of the S. J. Fields affidavit referring to the twelve acres of shocked corn contained in an adjoining field can, we think, be readily reconciled with the plaintiff's testimony explaining how it happened that the partition fence, agreed to be erected at a time subsequent to the purchase, was not built. The settlement, which it is contended by the Fields affidavit plaintiff admitted, made at Hardy, undoubtedly refers to the effort made to effect a settlement through the meditation of N. F. Boone, cashier of the bank at Hardy. This effort to reach a settlement, however, failed, and it is not even contended by the defendant that anything came of it but that the settlement upon which he relies for the balance due on the shocked corn was made exactly one year later.

It is true the Fields affidavit further states that after the date of the conversation concerning the settlement at Hardy a subsequent conversation was had with Butler by the witness, in which he admitted he and Mowatt had reached a settlement, and that the latter had paid him either $80 or $86. This, if true, would be material; but as to this conversation the witness Fields, by his subsequent affidavit, has expressly denied ever having had any such conversation. In fact, Fields states in his last affidavit that the last conversation he had with Mowatt was in 1908, while according to the testimony of defendant and his brother the settlement with the plaintiff was effected on January 20, 1909. Not only this, but it further appears in said second

affidavit that the settlement referred to by Butler in his conversation with the witness referred to the settlement attempted to be made at the Hardy bank.

It is a general rule that, before a new trial will be granted on the ground of newly discovered evidence, it must be made to affirmatively appear that the new evidence will be sufficient to probably change the verdict and produce a different result. *Hobbs v. Smith,* 27 Okla. 830, 115 Pac. 347, 34 L. R. A. (N. S.) 697; *McCants v. Thompson,* 27 Okla. 706, 115 Pac. 600; *Burns v. Vaught,* 27 Okla. 711, 113 Pac. 906; *Lookabaugh v. Bowmaker,* 30 Okla. 242, 122 Pac. 200; *Eisminger v. Beman,* 32 Okla. 818, 124 Pac. 289; *Huster v. Wynn,* 8 Okla. 569, 58 Pac. 736; *Twine et al v. Kilgore,* 3 Okla. 640, 39 Pac. 388.

It was said in *Eisminger v. Beman, supra*:

"Under this rule it is manifest that there is a certain amount of discretion vested in the trial court to determine whether or not the proposed evidence would probably produce a different result, and that court is in better position to reach a conclusion on this question than is this court. He has heard, * * * and has acquired a familiarity with the case which it is impossible for us to equal by a study of the written record. We cannot say that the trial court was wrong in this case, or that the evidence offered, if competent, would have probably produced a different result."

Certainly it cannot be said, in view of the contradictory affidavits before us, that if a new trial were granted such conflicting and unsatisfactory evidence would be the means of producing a different result. In the main the original affidavit is not sufficient, but when considered in connection with the fact that its more material parts have since been denied under oath by the proposed witness it is rendered unworthy of consideration for the purposes insisted upon.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.