LOVEJOY *et al.* v. STUTSMAN *et al.*

No. 4070.   Opinion Filed April 27, 1915.

(148 Pac. 175.)

1.   **APPEAL AND ERROR—New Trial—Default Judgment.** A, sued B, to rescind a written contract for sale of real estate, forfeit the money paid thereon, and quiet title to said real estate. B., in his answer, admits the contract, consents to a rescission thereof, and seeks judgment against A. for the payments made under said contract and the amount expended for repairs and improvements, and to have the same declared a lien upon said real estate. No reply was filed. On trial of said cause, B. appeared, but A. did not; default was entered against A., evidence introduced on behalf of B., and judgment rendered in his favor against A., as prayed for in his answer. On the following day A. filed a motion to vacate said judgment and reinstate said cause, which was denied, and within three days from the rendition of said judgment filed motion for a new trial, which was sustained. **Held,** that said judgment was a final judgment from which an appeal would lie, and that A, had a right to file a motion for a new trial.

2.   **APPEAL AND ERROR—Granting New Trial.** An order of a trial court granting a new trial will not be reversed unless it can be seen beyond all reasonable doubt that it has manifestly and materially erred with respect to some pure, simple and unmixed question of law.

3.   **JUDGMENT—Default Judgment.** It is the policy of the law to have every litigated case tried on its merits, and default judgments are viewed with disfavor.

(Syllabus by Dudley, C.)

*Error from Superior Court, Oklahoma County;*

*Edward Dewes Oldfield, Judge.*

Action by Eva Stutsman and others, against E. F. Lovejoy and others. Judgment for defendants. New trial granted, and defendants bring error. Affirmed.

*John H. Wright* and *Clarence J. Blinn,* for plaintiffs in error.

*Philip E. Winter,* for defendants in error.

DUDLEY, C.   This is an appeal from the superior court of Oklahoma county.   On July 6, 1911, the defendants in error, plaintiffs below, commenced an action in the superior court of Oklahoma county against the plaintiffs in error, the defendants below, to rescind and cancel a contract for the sale of certain real estate, entered into between them, to forfeit the payments made thereunder by the plaintiffs in error, to quiet title to said real estate, and to enjoin the plaintiffs in error from recording said contract.   A copy of the contract was attached to the petition and made a part thereof.   On August 3, 1911, the plaintiffs in error answered, by a general denial, admitted the execution of said contract, and claimed that they had made certain payments on the purchase price of said real estate, under the terms of said contract; that they had expended money for repairs and improvements of said real estate, and asked that said contract be rescinded, and that they have judgment against the defendants in error for the amount paid under said contract, together with the amount expensed for repairs and improvements, and that said amount be declared a lien upon said real estate, and the same sold in satisfaction thereof.   No reply was filed to this answer, and thereafter and on October 2, 1911, said cause was regularly assigned for trial on November 23, 1911.   On November 23, 1911, the case was regularly called for trial, pursuant to said assignment, but the defendants in error failed to appear, either in person or by counsel, whereupon the plaintiffs in error, being present in person and by counsel, announced ready for trial, and moved the court for a default against said defendants in error, and thereupon the court adjudged the defendants in error in default, and proceeded to try the case, without a jury, and after hearing the evidence of the plaintiffs in error, rendered judgment in their favor, against the defendants in error, for the sum of $743.86, with interest and cost, established the same as a lien upon said real estate, and ordered the same sold, in satisfaction thereof, and canceled and rescinded said contract; that thereafter and on the following day the defendants in error filed a verified application to vacate said

judgment and reinstate said action, for irregularity in obtaining the same, in the absence of themselves and their counsel. This motion was verified and supported by the affidavit of counsel for defendants in error. On November 25, 1911, this motion was overruled, and exceptions taken and allowed; that thereafter and on said day the defendants in error filed a motion for a new trial, alleging irregularity in the procurement of said judgment, and asking that it be set aside, among other grounds, for the reason that the judgment was not supported by sufficient evidence and was contrary to law; that thereafter and on January 6, 1912, the trial court, after hearing the argument of counsel, sustained said motion, set aside said judgment, and granted the defendants in error a new trial. From this the plaintiffs in error have appealed.

The first motion to vacate the judgment and reinstate the action was filed under subdivisions 3 and 7 of section 5267, Revised Laws 1910. The affidavit of counsel for defendants in error, attached to this motion, sets forth a state of facts which fully explains the absence of defendants in error and their counsel, when said cause was called for trial, and shows no intention upon the part of the defendants in error, or their counsel, to abandon the prosecution of said action. In fact, the affidavit discloses that counsel for defendants in error appeared in the superior court 17 minutes after court convened, but in the meantime a default had been entered against defendants in error, a trial had, evidence introduced, and a judgment rendered in favor of the plaintiffs in error this motion was overruled, and thereupon the defendants in error, within three days from the rendition of said judgment, filed their motion for a new trial, under section 5032, Revised Laws 1910, alleging, among other things, irregularity in the procurement of said judgment, and that the same was not supported by sufficient evidence and is contrary to law. This motion was sustained, and the plaintiffs in error appeal.

It is the contention of the plaintiffs in error that the defendants in error, having lost in their first motion to vacate the judgment and reinstate the case, and being in default, by failing to

appear, had no right to file a motion for a new trial. This contention is not correct. Under subdivision 2, sec. 5125, Rev. Laws 1910, upon the failure of the defendants in error to appear and prosecute their action, the trial court had a right to dismiss the same. This, however, was not done, but a default was entered against them. Evidence was introduced by the plaintiff in error and a judgment rendered in their favor. Evidently the trial court and the plaintiffs in error treated their answer as asking for affirmative relief against the defendants in error, and a trial was had under section 5127, Revised Laws 1910. Assuming, without deciding, that the defendants in error were in default, and that the trial court had a right to so adjudge them, we do not think this fact, under all the facts and circumstances as disclosed by the record, deprives them of the right to file a motion for a new trial. They were not adjudged in default for failure to reply, but on account of their failure to appear and prosecute the action. If the judgment rendered had not been vacated or appealed from, within the statutory period, it would have become a final judgment. It was a judgment from which the defendants in error might appeal, and, since evidence was introduced, it was necessary to file a motion for a new trial, in order to perfect an appeal. Under the statute as to the right of appeal, there is no distinction between judgments by default and judgments after issues joined and a trial. An appeal lies from either, within the statutory period, and we therefore conclude that the defendants in error had a right to file a motion for a new trial, which they did file. *Hallock v. Jaudin,* 34 Cal. 167. In this case, Justice Sanderson, speaking for the court, said:

. "As to the right of appeal there is no distinction between judgments by default and judgments after issue joined and a trial. The former is as much a final judgment as the latter, and the statute gives a right to appeal from all final judgments without distinction. From this it follows that all errors disclosed by the record can be reviewed and corrected on an appeal from the former class of judgments as well as the latter. This is too plain for argument, and we do not hesitate to declare that all cases which are to the contrary are unsupported by any

provision of the law by which the jurisdiction and practice of this court is regulated. To hold otherwise would be to create a distinction where the law has not, which we have no power to do. There are some cases, no doubt, which support the theory of the learned counsel for the respondents, but we have no respect for them."

The trial court, in setting aside the judgment and granting the defendants in error a new trial, did not state its reasons for so doing. One of the grounds alleged in the motion for a new trial is that the evidence was insufficient to support the judgment, and, for aught we know, the trial court may have reached the conclusion that the evidence was insufficient, and set aside the judgment for that reason; at any rate, we think the trial court was fully justified in granting a new trial, and that, as a matter of fact, it should be commended for so doing, under all the facts and circumstances as disclosed by the record. This case was not tried upon its merits; there was no intention upon the part of the defendants in error to abandon it, and the case should be tried upon its merits. It is the policy of the law to have every litigated case tried on its merits, and default judgments are viewed with disfavor. *Berri v. Rogero,* 168 Cal. 736, 145 Pac. 95.

The order of the trial court, granting a new trial, should not be reversed, unless it can be seen, beyond all reasonable doubt, that it has manifestly and materially erred with respect to some pure, simple, and unmixed question of law. *Trower v. Roberts,* 17 Okla. 641, 89 Pac. 1113; *Duncan v. McAlester-Choctaw Coal Co.,* 27 Okla. 427, 112 Pac. 982.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.