### ELLIS v. MID-CONTINENT OIL & GAS CO. et al.

No. 4510—Opinion Filed May 8, 1917.

(165 Pac. 177.)

#### 1. New Trial—Grounds in General.

To warrant the granting of a new trial on the ground of newly discovered evidence, it must appear that such evidence fulfills the following requirements: (1) It must be such that it will probably change the result, if a new trial be granted. (2) It must have been discovered since the trial. (3) It must be such as could not have been discovered before the trial by the exercise of due diligence. (4) It must be material to the issue. (5) It must not be merely cumulative to the former evidence. (6) It must not be to merely impeach or contradict the former evidence.

#### 2. New Trial—Newly Discovered Evidence —Discovery Since Trial—Motion After Decision.

When the record discloses that before the conclusion of the trial newly discovered evidence and the names of some of the witnesses and the places of residence of the other witnesses who would produce such evidence came to the knowledge of appellant, and that appellant before the conclusion of the trial moved the court to reopen the case and permit appellant to produce such, witnesses and offer such newly discovered evidence, which motion was by the court overruled, and when the record further. discloses that appellant failed to file motion for a new trial within the statutory time, such evidence is not newly discovered since the trial and will not warrant the granting of a new trial upon that ground.

(Syllabus by Rummons, C.)

Error from District Court, Muskogee County; R. P. de Graffenried, Judge.

Action by Jeff D. Ellis against the Mid-Continent Oil & Gas Company and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Malcolm E. Rosser and William S. Cochran, for plaintiff in error.

Geo. S. Ramsey, Edgar A. De Meules, and Sol H. Kauffman, for defendants in error.

Opinion by RUMMONS, C. This action was commenced in the district court of Muskogee county by the plaintiff in error, hereinafter styled the plaintiff, against the Mid-Continent Oil & Gas Company, defendant in error, hereinafter styled the defendant, and others, to cancel an oil and gas lease upon a tract of land in Muskogee county. The cause was tried to the court without the intervention of a jury, and, after the evidence had been submitted and the cause argued to the court, was taken under advisement by the trial court. Thereafter, and before the trial court had made its findings of fact or rendered judgment in the cause, the plaintiff filed a motion praying the court to reopen the cause and permit him to offer newly discovered material testimony, supporting the motion by affidavits. Upon the hearing of this motion, the court, upon the proffer by defendant that the court might consider the affidavits filed on the motion to reopen the cause, in connection with the evidence, overruled said motion to which plaintiff excepted. Thereafter, on June 4, 1912, the court made its findings of fact, finding against the plaintiff and in

favor of the defendant, and ordering that judgment go against the plaintiff for costs, to which plaintiff excepted. On June 20, 1912, formal journal entry of judgment of the court was entered. Thereafter, on June 22d, plaintiff filed his motion for a new trial, supported by affidavits as to newly discovered evidence. This motion was overruled by the court, to which plaintiff excepted and prosecutes this proceeding in error to reverse the action of the trial court.

The sole assignment of error argued in the brief of counsel for plaintiff is that the court erred in denying the motion of plaintiff for a new trial on the ground of newly discovered evidence.

Plaintiff founded his cause of action for the cancellation of the oil and gas lease of defendant upon the ground that George Washington, a full-blood Creek Indian, to whom the land in controversy was allotted, was, at the time of the execution of the oil and gas lease under which defendant claims, a minor, and therefore said oil and gas lease was null and void. The only question of fact at issue between plaintiff and defendant was the date of the birth of said George Washington. The evidence of plaintiff tended to show that the allottee was born in the year 1887 or 1888, while the evidence of the defendant tended to show that he was born in 1885. The oil and gas lease was executed in January, 1907. The father of the allottee, a witness for defendant, fixed the date of the birth of the allottee as the year following his return to the Creek Nation from the Cherokee Nation, which return he said occurred the year following the Esparhecher or Green Peach War in the Creek Nation, to avoid which, as a good pacifist, he had fled to the Cherokee Nation. The evidence of defendant fixed the date of the war as the year 1883.

The newly discovered evidence upon which plaintiff relies for a new trial is the evidence of the father of the allottee and four other witnesses, one of whom was a witness for plaintiff at the trial, to the effect that the father of the allottee did not return to the Creek Nation from the Cherokee Nation until after the grading for the Iron Mountain Railway was in progress, and that the allottee had not been born at the time of his return. It was agreed that the grading of the Iron Mountain Railway was done in the years 1886 and 1887.

It is argued by counsel for defendant that the action of the trial court in overruling plaintiff's motion for a new trial was right, for the reason that the evidence said to have been newly discovered was cumulative and would not probably result in changing the decision of the court; that the showing of diligence by the plaintiff was insufficient; and that the evidence had not been discovered since the trial concluded.

In the view we take of this case, we deem it unnecessary to determine whether or not the evidence is merely cumulative, or would probably change the decision of the trial court, or whether the showing of plaintiff's diligence was sufficient. It is apparent, from the showing made by plaintiff in support of his motion to reopen the case and offer newly discovered evidence, that plaintiff knew of this evidence before the trial had been concluded by a decision upon the facts by the trial court.

Plaintiff filed his motion to reopen the hearing and permit him to introduce newly discovered evidence on March 28, 1912. This motion was supported by affidavits, in which plaintiff says that:

"He is reliably informed, and believes that he will be able to prove by Indians whose whereabouts he has ascertained, but whose names he is unable to give, that at the time Peter Washington came to the Creek Nation from the Cherokee Nation, the Kansas & Arkansas Valley Railway, now known as the Iron Mountain, was in progress of construction, which construction was not authorized by act of Congress or commenced until after June 1, 1886, and that Peter Washington and those Indians that came about the same time crossed the line of said railway near the present site of Braggs, Okla., while the roadbed of said railway was being graded and constructed."

Plaintiff's affidavit further showed that Peter Washington would testify to the same state of facts. Plaintiff in his affidavit in support of his motion for a new trial gives the names of Indian witnesses who would testify to the state of facts above set forth, and their affidavits were filed in support of the motion for a new trial. Plaintiff in his affidavit says that "he did not learn reliably of the testimony of said witnesses until June 21, 1912."

It is a well-settled rule of law that motions for a new trial on the ground of newly discovered evidence are not viewed with favor. It has been held by this court, in the case of Vickers v. Phillip Carey Co., 49 Okla. 231, 151 Pac. 1023, L. R. A. 1916C, 1155, that, in order to warrant the granting of a new trial on the ground of newly discovered evidence, the evidence must fulfill the following requirements: First. It must be such as will probably change the result if a new trial be granted. Second. It must be discovered since the trial. Third. It must be such as could not have been discovered before the trial by the exercise of due diligence. Fourth.

It must be material to the issue. Fifth. It must not be merely cumulative to the former evidence. Sixth. It must not be to merely impeach or contradict the former evidence. First National Bank of Taloga v. Farmers' State Guaranty Bank, 62 Okla. 30, 161 Pac. 1063.

If it be admitted that the evidence upon which plaintiff relies is not merely cumulative or impeaching, and that plaintiff could not with due diligence have discovered it before the trial, and that it would probably change the result, yet the showing made by plaintiff fails to comply with the second requisite for the granting of a new trial on the ground of newly discovered evidence, in that it does not appear that the evidence claimed to have been newly discovered had been discovered since the trial. In fact, the records show that it had been discovered before the trial had finally ended in a decision by the trial court.

It is said by the Supreme Court of the territory, in Watkins v. United States, 5 Okla. 729, 50 Pac. 88:

"To be grounds for a new trial, the knowledge of what the witness would be expected to testify must have come to the defendant after it was too late to be procured and used upon the trial."

In McCants v. Thompson, 27 Okla. 706, 115 Pac. 600, this court says:

"The facts set out in the affidavits in support of the motion for a new trial appear to have been known to the defendant at the time of the trial. If he was surprised, he should have asked for a continuance or delay of the case, in order to properly make his defense. We cannot say that the trial court erred in refusing to grant a new trial on account of surprise or newly discovered evidence."

In First National Bank of Taloga v. Farmers' State Guaranty Bank, supra, this court says:

"As we view it, the existence of the evidence itself, as distinguished from the whereabouts of the witness, must have been discovered since the trial in order to authorize a new trial."

Plaintiff very properly, upon the discovery of the facts set out in his affidavit, moved the court to permit him to offer additional evidence to establish such facts. This motion was overruled by the court, but no complaint as to such ruling is made in the brief of counsel for plaintiff, nor could any complaint of such ruling be considered by us, because as stated in the brief of counsel for plaintiff, and as appears from the record, the counsel for plaintiff, who tried the cause below, failed to file a motion for a new trial within three days after the trial court had made his findings of fact and rendered his decision in the cause.

The plaintiff had his day in court, and, having waived any error that may have been committed by the court in refusing his application to offer additional evidence by failing to move for a new trial within the statutory time, he cannot now set up the same evidence which he offered to submit to the court in his motion to reopen the case as newly discovered evidence warranting the granting of a new trial, because such evidence had been discovered by him and he had full knowledge of it long before the trial was finally concluded.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.