## ESKRIDGE v. TAYLOR.

No. 9556—Opinion Filed July 8, 1919.

(Syllabus by the Court.)

1. **New Trial—Newly Discovered Evidence—Requisites.**

The rule regarding the granting of a new trial on the ground of newly discovered evidence requires that the evidence comply with the following conditions: (1) It must be such as will probably change the result; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach the former evidence.

2. **Appeal and Error—Motion for New Trial—Assignments of Error—Abandonment—Briefs.**

Causes assigned for a new trial in the motion for a new trial, and assignments of error in the petition in error, which were not presented or argued in the brief of the plaintiff in error, will be treated as abandoned, and will not be considered by this court.

3. **Appeal and Error—New Trial—Discretion of Trial Court.**

A motion for a new trial predicated upon newly discovered evidence is addressed to the sound discretion of the trial court, whose action in denying and overruling the motion can only be reversed where it is made to appear that the court abused its discretion.

Error from District Court, Garvin County; F. B. Swank, Judge.

Action by Mary J. Taylor against T. H. Eskridge. Verdict and judgment for plaintiff, motion for a new trial overruled, and defendant brings error. Affirmed.

Carr & Henderson, for plaintiff in error.

Blanton & Andrews, for defendant in error.

JOHNSON, J. This is an appeal from the district court of Garvin county. On February 19, 1916, Mary J. Taylor, the defendant in error, filed an action in the court below against T. H. Eskridge, plaintiff in error, defendant below, to recover the sum of $5,000 damages for breach of a contract of marriage. The parties will be referred to as plaintiff and defendant as they appeared in the court below.

The cause was tried to a jury, which resulted in a verdict in favor of the plaintiff in the sum of $750. The defendant promptly filed motion for a new trial upon the usual statutory grounds, and thereafter an amended motion for new trial upon the same grounds, adding thereto additional grounds of newly discovered evidence, which motions were overruled by the court and exceptions saved by the defendant, and in due time the defendant regularly lodged his appeal in this court.

The defendant relies for a reversal in this case upon his ninth assignment of error, which is as follows:

"The court erred in refusing to grant a new

trial on account of the newly discovered testimony, found after the trial in the two witnesses, J. R. Roach and E. C. Gage, two handwriting experts, and who would have testified that the letters introduced in evidence by the defendant in error, Mary J. Taylor, had been changed and were different from what they were when originally written by the plaintiff in error, it being shown to the court that those letters had for the first time come under the observation of the plaintiff in error when they were introduced at the trial, and therefore the witness evidence of Roach and Gage would not have been found or used before."

The plaintiff testified that a contract of marriage was made between the parties and had existed for a period of four or five years, and the defendant, over the protests and importunities of the plaintiff, breached the same by refusing to marry plaintiff, and by placing himself in a position where it was impossible for him to consummate the contract by having, before the institution of the plaintiff's suit, entered into the marriage relation with one other than the plaintiff. Her testimony fully sustained the material allegations of her petition. She introduced in evidence letters from the defendant to her, which strongly corroborated her testimony.

The plaintiff testified these letters were written by the defendant to her and received by her in due course of mail and contained his genuine signature, and were in his handwriting.

The defendant admitted his signature as genuine and writing the letters, but claimed the same contained certain erasures and interlineations by which the meaning of the same was changed. The defendant testified, denying any marriage contract between him and the plaintiff was ever, at any time, made and entered into.

The court heard the testimony of the witnesses J. R. Roach and H. M. Hamilton in support of the defendant's allegations of newly discovered evidence in his amended motion for a new trial, and thereafter overruled said amended motion for a new trial.

The defendant in his brief contends that—

"These letters were introduced by the plaintiff for the first time during the trial, and neither the defendant nor his counsel had an opportunity to examine them prior to the time they were offered in evidence, and that, undoubtedly, the jurors gave great weight to the letters introduced."

And cites in support of the proposition the decision of this court in cases of First National Bank of Taloga v. Farmers' State Guaranty Bank of Thomas, 62 Oklahoma, 161 Pac. 1063, and Ellis v. Mid-Continent Oil & Gas Co., 65 Oklahoma, 165 Pac. 177, and concludes his argument in his brief as follows:

"And while we realize that the granting of the motion for a new trial is largely in the discretion of the trial judge, we think this was clearly an abuse of the discretion in not granting a new trial."

The record presents but one question for our determination: Did the trial court abuse its discretion in overruling the defendant's motion for a new trial, based upon the grounds of newly discovered evidence?

Rev. Laws 1910, authorizing the vacation of a judgment and the granting of a new trial, provides:

"Sec. 5033. * * * Seventh. Newly discovered evidence, material for the party applying, which he could not, with reasonable diligence have discovered and produced at the trial."

"Sec. 5036. The application must be by motion, upon written grounds, filed at the time of the making of the motion. The causes enumerated in subdivisions two, three, seven and nine of section 5033 must be sustained by affidavits showing their truth, and may be controverted by affidavits."

The motion was not verified. In Dodson & Williams v. Parsons, 62 Oklahoma, 162 Pac. 1090, this court, speaking of the application for a new trial on this ground, said:

"Under section 5036, Rev. Laws 1910, the motion for a new trial on the ground of newly discovered evidence must be verified by affidavit showing the truth of the same. In this case such motion was not verified. It is true that affidavit of W. W. Housewright as to what his testimony would be is attached to the motion, but the motion itself in which the defendants set out their claim of reasonable diligence is not verified. It is necessary that the motion itself should be verified."

The requirement that the motion be verified by the applicant is to secure a prima facie case, sustaining a claim of reasonable diligence to discover the evidence. In the instant case the motion for a new trial not only was not verified, but the affidavits of the newly discovered witnesses are not attached or filed and made a part of the motion for a new trial. But on a subsequent date, when the motion was heard, the oral testimony of these two witnesses was submitted, and the same is embodied in the case-made. This was not a compliance with the statute.

In the case at bar the facts constituting the diligence or excusing the diligence are not set forth, and in fact the motion is not verified by the plaintiff in error, and for aught that appears in the motion or record he might have known during the trial the

contents of the letters about which he complains. He never took the stand and denied the knowledge of these letters or their condition on the hearing of the motion for new trial, and there is no evidence whatever in the record sustaining the allegation of his unverified motion to the effect that he did not discover this evidence until after the trial.

In Herring et al. v. Hood, 55 Okla. 737, 155 Pac. 253, this court said:

"To entitle a party to a new trial on account of newly discovered evidence, it must appear, in addition to other essential facts, that he has exercised due diligence to discover the same in time, and to negative a failure in this regard on his part. We are not favorably impressed with the showing of diligence made by the defendants in this respect. The granting or refusing of a new trial is a matter very largely in the discretion of the trial court, and in our opinion such discretion was not abused in overruling the motion in this case."

In the case of City of Ada v. Smith, 73 Oklahoma, 175 Pac. 924, this court said:

"There is, however, a more serious objection to the motion of defendant, and that is that the record contains no showing of any diligence in discovering or attempting to discover this evidence. It is essential that a party contending for a new trial on the grounds of newly discovered evidence should, in addition to other essential facts, show that he has exercised due diligenec to discover the same in time. Herring v. Hood, 55 Okla. 737, 155 Pac. 253. The record, as we have said, contains no such showing. The trial court, therefore, did not err in overruling defendant's motion for new trial."

In the case of Straughan v. Cooper, 41 Okla. 515, 139 Pac. 265, this court said:

"With plaintiff's motion for new trial, and as newly discovered evidence, an affidavit of one Daniel Bunnell, to the effect that defendant told affiant of his purpose to execute the note sued on before he did so, and about the time of the maturity of the same mentioned to affiant his desire and inability to pay it, and sought a loan of affiant for the avowed purpose of doing so, but, although plaintiff presented therewith his own affidavit to the effect that he had no means of ascertaining the facts stated in the Bunnell affidavit in time to have availed himself of same at the trial, he did not negative the existence of facts which should have excited inquiry leading to discovery, nor otherwise state facts constituting due diligence to have made such timely discovery: and the motion for new trial was in this respect insufficient. Rev. Laws 1910, p. 5033, subd. 7, p. 1367, and notes; Burns v. Vaught, 27 Okla. 711, 113 Pac. 906; Wiers et al. v. Treese, 27 Okla. 774, 117 Pac. 183; Hobbs v. Smith et al., 27 Okla. 830, 115 Pac. 347, 34 L. R. A. (N. S.) 697."

In the case of Huster v. Wynn, 8 Okla. 569, 58 Pac. 736, this court said:

"The motion for new trial was not supported by the affidavits of the witnesses to the facts which it was claimed were in the nature of newly discovered evidence. The affidavits of the newly discovered witnesses should be produced, or their absence accounted for. State v. Kellerman, 14 Kan. 135."

The decisions of this court cited by the plaintiff, supra, also fully sustain the rule announced in the decisions of this court cited above, and were in no way in conflict with same. There is nothing appearing in the record in this case that takes the same out of the rule announced by former decisions of this court as cited above. We therefore conclude that the trial court did not abuse its discretion in overruling the motion of the defendant for a new trial, and the judgment of the trial court is affirmed.

All the Justices concur.