### TRENT v. RICHARDS et al.

No. 11005—Opinion Filed May 22, 1923.

(Syllabus.)

1. **Appeal and Error—Discretionary Rulings —New Trial for Newly Discovered Evidence.**

A motion for a new trial predicated upon newly discovered evidence is addressed to the sound discretion of the trial court, whose action in denying and overruling the motion can only be reversed where it is made to appear that the court abused its discretion.

2. **Same—Refusal of New Trial.**

From a careful reading of the briefs and an examination of the entire record made in the court below, we are convinced that the trial court did not abuse its discretion in denying the petition for a new trial.

Error from District Court, Wagoner County; Chas. C. Watts, Judge.

Action by Fannie C. Trent against Dennis Richards and others. Judgment for defendants. Petition for new trial denied, and plaintiff brings error. Affirmed.

S. M. Rutherford, Martin & Zachry, and Harry G. Davis, for plaintiff in error.

W. D. Halfhill, for defendants in error Richards and Evans.

Joseph C. Stone, Charles A. Moon, and Francis Stewart, for defendant in error Smith.

KANE, J. This was an appeal from the action of the district court in denying the petition of the plaintiff in error for a new trial upon the ground of newly discovered evidence.

The petition for a new trial was filed in an action to set aside a deed to certain real estate, purporting to be executed by Fannie C. Trent to Dennis Richards, upon the ground that the same was a forgery. The case was decided in favor of the defendants, and Fannie C. Trent filed the ordinary motion for a new trial, which was overruled, and thereupon the petition for a new trial was filed within the time provided by law. and

was also denied by the trial court after a full hearing.

The record shows that the trial court afforded the plaintiff every opportunity possible to support her petition by the introduction of both affidavits and oral testimony, and that the defendants were also permitted to fully present their side of the case, and that after hearing all of this evidence and being fully advised in the premises, the petition was denied.

We think, in these circumstances, the case comes within the rule, many times announced by this court, that the application for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court, and, in the absence of an abuse of such discretion, the action of the trial court will not be reversed; that the question as to whether sufficient diligence be shown is a question for the court to whom the motion is directed to determine. Jones v. Oklahoma Planing Mill & Mfg. Co., 47 Okla. 477, 147 Pac. 999; Eskridge v. Taylor, 75 Okla. 139, 182 Pac. 516; Wagner v Caskey, 85 Okla. 168, 205 Pac. 37.

In Eskridge v. Taylor, supra, it was held:

"A motion for a new trial predicated upon newly discovered evidence is addressed to the sound discretion of the trial court, whose action in denying and overruling the motion can only be reversed where it is made to appear that the court abused its discretion."

The case at bar is fully and ably briefed by counsel for the respective parties. From a careful reading of the briefs and an examination of the entire record made in the court below, we are convinced that the trial court did not abuse its discretion in denying the petition for a new trial.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON, C. J., and KENNAMER, HARRISON, and MASON, JJ., concur.