## POYNTER v. BEACON FALLS RUBBER COMPANY.

No. 15757—Opinion Filed Sept. 29, 1925.

Rehearing Denied Jan. 12, 1926.

**1. New Trial—Newly Discovered Evidence —Requisite Showing.**

A motion for a new trial on the ground of newly discovered evidence must set out a statement of the fact or facts constituting such evidence as will probably change the result of the trial, and must state that the evidence has been discovered since the trial; and from the facts and circumstances stated it must appear that the evidence could not have been discovered before the trial by the exercise of due diligence; the new evidence must be material to the issue or issues, and must not be merely cumulative to or impeaching or contradictory of the former evidence in the case. Vickers v. Philip Carey Co., 49 Okla. 231, 151 Pac. 1023.

**2. New Trial — Misconduct of Opposing Party—False Testimony.**

An affidavit, in support of a motion for a new trial on the ground of misconduct, that raises an issue as to the falseness of opposing party's testimony as misconduct on his part, that could have been presented to the jury and determined by them in the trial of the case, is not sufficient to constitute the ground of misconduct on the part of the opposing party for which a new trial may be granted.

**3. Appeal and Error—Discretion of Lower Court Abused in Granting New Trial.**

The granting of a new trial is largely within the reasonable judicial discretion of the trial court, and this court will not reverse an order granting a new trial unless error is clearly shown in respect to some pure, simple, and unmixed question of law, but when it appears from the record there was no sufficient ground for a new trial alleged by the complaining party and none otherwise is shown, this court will presume none existed, and that the trial court abused its discretion in making the order, and will reverse the same.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Ottawa County: Wm. H. Thomas, Judge.

Action by the Beacon Falls Rubber Company against L. M. Poynter. Judgment for defendant, and from an order granting plaintiff a new trial, defendant brings error. Reversed, with instructions.

Frank Nesbitt, for plaintiff in error.

Shannon & Shannon, for defendant in error.

Opinion by THREADGILL, C. On January 27, 1923, defendant in error, as plaintiff, commenced this action in the county court against the plaintiff in error, as defendant to recover on account for merchandise. An itemized, verified account was attached to the petition, showing items of merchandise sold and delivered to defendant from January 31, 1920, to May 9, 1920, in the sum of $811.22, and items of credits from November 20, 1920, to October 13, 1921, in the sum of $629.15, leaving a balance due and unpaid of $182.07, for which it prays judgment. On September 8, 1923, defendant filed his answer to the petition, consisting, first, of a general denial, and second, admits that plaintiff is a corporation and admits that he purchased goods, wares and merchandise from plaintiff. He specially denies that he is indebted to the plaintiff in the sum claimed, or in any other sum, and he specially denies the correctness of plaintiff's account and verifies the answer. Thereafter, on July 10, 1923, defendant filed a counterclaim for $120.93, in which he states that this sum was paid to plaintiff, over and above what he owed, by mistake, and for this he prays judgment. There was no answer to the counterclaim. On July 12, 1923, these issues were tried to a jury and a verdict rendered in favor of defendant, but awarding nothing on the counterclaim. On the same date that the verdict was rendered, and before judgment was entered upon the verdict, the plaintiff filed a motion for a new trial alleging four grounds: First, newly discovered evidence; second, error of law occurring at the trial and excepted to by plaintiff; third, misconduct of defendant materially affecting the result of the trial; fourth, accident and surprise, which ordinary prudence could not have guarded against, in that defendant introduced in evidence certain checks purporting to show payments to the plaintiff as part payment of the account sued upon, which were, in fact, not received by plaintiff.

On July 15, 1924, plaintiff filed an affidavit in support of its motion for a new trial, which was as follows:

"Samuel R. Bush, of lawful age, being duly sworn, on his oath says, that he makes this affidavit to be used in support of a motion for new trial in the above entitled case; that he is manager of the Kansas City, Mo., branch of the Beacon Falls Rubber Company, and that as such he is familiar with the account of said company with L. M. Poynter, the above named defendant; that the said L. M. Poynter, of Picher, Okla., opened an account with the plaintiff on the 28th day of November, 1919, as shown by a copy of the ledger entries of his account with said company, hereto attached, marked 'Exhibit A' and made a part hereof; affiant further says that the debits of November 28, 1919, in the sum of $45.60, of January 8, 1920, in the sum of $96.30, and of February 28, 1920, in the sum of $129.60, and the credits of December 6, 1919, in the sum of $46.60, of 1920 in the sum of $129.60, were not included in the statement filed with plaintiff's petition herein, because the payments represented by credits were applied to said specified debits by direction of said defendant, L. M. Poynter. Affiant further says that the statement hereto attached and marked 'Exhibit A' is a true, correct, and complete statement and copy of the ledger account kept by plaintiff with the said defendant, and said defendant is justly indebted to the plaintiff thereon in the sum of $182.07, together with interest thereon at the rate of six per cent. per annum from the 9th day of June, 1921." Signed and sworn to by Samuel R. Bush.

The items in the account attached differ from the items of the account filed with the petition in adding items to cover the defendant's counterclaim. On July 15, 1924, the court heard the motion for a new trial, and sustained it and ordered a new trial, and defendant brings the case here asking for a reversal on the ground that the court abused its discretion in granting a new trial.

1. Defendant's principal contention is that the motion for new trial was based upon the ground of newly discovered evidence, and the facts alleged are not sufficient to come within the rule required on this ground. Defendant calls our attention to the rule stated in the case of Vickers v. Philip Carey Co., 49 Okla. 231, 151 Pac. 1023, which is as follows:

"A rule of wide recognition regarding the granting of new trials on the ground of newly discovered evidence exacts that the evidence fulfill the following requirements: (1) It must be such as will probably change the result if a new trial be granted. (2) It must have been discovered since the trial. (3) It must be such as could not have been discovered before the trial by the exercise of

due diligence. (4) It must be material to the issue. (5) It must not be merely cumulative to the former evidence. (6) It must not be to merely impeach or contradict the former evidence."

It appears from the record that the only statement as to what the newly discovered evidence consisted of was made in the motion for new trial in the first ground alleged. and was as follows:

"Because evidence has been discovered since the trial material to the plaintiff which it could not with reasonable diligence have discovered and produced at the trial."

But in the affidavit made in support of the motion for a new trial, affiant states that he is familiar with plaintiff's account with the defendant. and then the affidavit recites items of debits of November 28, 1919, January 8 and February 28, 1920, and items of credits of December 6, 1919, and 1920, which did not appear in the account upon which the action was based; and affiant states that the reason these items did not appear in the account upon which the action was based was that the payments represented by the credits were applied to said debits by direction of defendant; and it appears that these are the facts relied upon by plaintiff as the newly discovered evidence. We cannot see where these facts, in the slightest degree, constitute such evidence. The items mentioned and the manner of payment were certainly known, or could have been known, to the plaintiff at all times before the trial. and during the trial, and before the case was submitted to the jury. There was nothing to prevent the plaintiff from having its books in court to show all transactions of its account with the defendant, either affirmatively in making out its case, or against any defense or claims of the defendant. It may be the plaintiff discovered after the verdict of the jury that it had not made as good defense to the defendant's counterclaim and to the checks offered to show payment of the account claimed by plaintiff, as it could have made, and should have made. Such is often the case in a lawsuit, but there was no new evidence discovered according to the facts of the above stated rule First National Bank v. Farmers S. & G. Bank, 62 Okla. 30, 161 Pac. 1063; Ellis v. Mid-Continent O. & G. Co., 65 Okla. 124, 165 Pac. 177; Eskridge v. Taylor, 75 Okla. 139, 182 Pac. 516; Midland Valley R. R. Co. v. Goble, 77 Okla. 206, 186 Pac. 723; City of Sapulpa v. Deson, 81 Okla. 51, 196 Pac. 544.

There are no facts stated in the affidavit, or evidence in the record, showing reasonable diligence on the part of plaintiff to discover evidence claimed as new, before the trial, as required by Burns v. Vaught, 27 Okla. 711, 113 Pac. 906; Straughan v. Cooper, 41 Okla. 315, 139 Pac. 265; Twine v. Kilgore, 3 Okla. 640, 39 Pac. 388. There are no facts stated in the affidavit or otherwise to show that plaintiff could not with reasonable diligence have discovered before the trial all the facts it claims as new, as required by Chortney v. Curry, 78 Okla. 206, 190 Pac. 387; Vickers v. Philip Carey Co., supra.

2. To uphold the court's judgment, plaintiff contends that misconduct on the part of the defendant was sufficient to authorize the new trial, and also says that the misconduct consisted of false testimony offered by the defendant. We do not find this charge sustained by the record. Plaintiff says certain items are left out of the account attached to the petition. because they were settled by checks of defendant applied by special request, and they are included in the account attached to the motion and affidavit for a new trial to explain the discrepancy. The place to have determined the facts of this discrepancy was in the trial of the case and not on motion for a new trial. It cannot be denied that the omitted items from the first account were a part of the account between the parties, and yet plaintiff, in giving its testimony as to this account in the trial, stated that the itemized account was a correct reproduction of the ledger account against the defendant as same appeared on the books, and in the affidavit for a new trial the plaintiff files an itemized statement of the same account, including the omitted items claimed to be omitted in the first account because of the special payment and settlement of same. Plaintiff argues that if its affidavit is true as to the added items that defendant's testimony as to the items of credits is false. The same argument might be applied to plaintiff's testimony of the first account. This court cannot try the falsity of the testimony of either party on the affidavit of plaintiff in support of its motion for a new trial. We cannot see from the record that defendant introduced false testimony and was therefore guilty of misconduct to the injury of plaintiff.

3. It is true the granting of a new trial in a case is largely within the reasonable judicial discretion of the trial court, and. this court will not reverse an order granting a new trial unless error is clearly established in respect to some pure, simple,

and unmixed question of law. M., K. & T. Ry. Co. v. James, 61 Okla. 1, 159 Pac. 1109; Hogan v. Bailey, 27 Okla. 20, 110 Pac. 890; Jacobs v. City of Perry, 29 Okla. 745, 119 Pac. 243; Lovejoy v. Stutsman, 46 Okla. 126, 148 Pac. 175. On the other hand, where it appears from the record, that there was no sufficient ground for a new trial alleged by the complaining party, and the record shows no legal ground for ordering a new trial, this court will presume that none existed and that the court abused its discretion in making the order, and will reverse the same.

It is, therefore, recommended that the order granting a new trial be reversed, and the cause remanded to the trial court, with directions to render judgment on the verdict of the jury in favor of defendant.

By the Court: It is so ordered.

Note.—See under (1) 29 Cyc. pp. 899, 901, 911, 918, 919, 995, 996, 997; 20 R. C. L. p. 290; 3 R. C. L. Supp. p. 1051; 4 R. C. L. Supp. p. 1351; 5 R. C. L. Supp. p. 1096. (2) 29 Cyc. p. 980. (3) 4 C. J. pp. 830, 832, § 2813; 29 Cyc. p. 1008; 20 R. C. L. p. 227; 3 R. C. L. Supp. p. 1046; 4 R. C. L. Supp. p. 1347; 5 R. C. L. Supp. p. 1091.