### COX v. KIRKWOOD et al.

No. 7556—Opinion Filed June 20, 1916.
(158 Pac. 930.)

## 1. Appeal and Error—Assignments of Error —Argument—Citation of Authorities.

Where assignments of error are not supported by argument, or citation of authorities, the same will not be considered by this court.

## 2. Appeal and Error — Briefs — Requisites and Sufficiency.

Where the brief sets forth the assignments of error in one group, and the argument dis-

cusses abstract questions of law without calling the attention of the court to any specific ruling or error committed by the trial court, the brief is insufficient.

### 3. Bills and Notes—Negotiable Instrument Law—Retroactive Operation.

The provisions of the Negotiable Instrument Law approved March 20, 1909 (Laws 1909, c. 24), do not apply to negotiable instruments made and delivered prior to its passage.

### 4. Bills and Notes—Bona Fide Holder—Alteration.

An alteration of notes whereby the name of the payee is changed from "E. T. Philpot & Co." to "Edward T. Philpot or bearer," without the consent of the makers, renders the notes void as to the makers, even in the hands of a holder (in due course) without notice of such alteration.

### 5. Trial—Submission of Special Interrogatories—Discretion.

By virtue of article 7, section 21, Constitution of Oklahoma, it is within the discretion of the trial court to refuse to submit special interrogatories to a jury.

### 6. Bills and Notes—Negotiable Instrument Fraudulently Obtained—Burden of Proof —Bona Fide Purchaser.

Where a negotiable instrument is shown to have been obtained by false representations, the burden is on the subsequent holder to show that he is a bona fide purchaser for value without notice.

### 7. Appeal and Error — Harmless Error — Rulings on Evidence.

Upon an examination of the entire record we are of the opinion that the errors complained of in the admission and rejection of evidence have not resulted in a miscarriage of justice, or constitute a substantial violation of a constitutional or statutory right.

(Syllabus by Rittenhouse, C.)

Error from District Court, Cherokee County; John H. Pitchford, Judge.

Action by J. F. Cox against J. T. Kirkwood and others. Judgment for defendants, and plaintiff brings error. Affirmed.

W. A. Green and W. D. Halfhill, for plaintiff in error.

J. I. Coursey, for defendants in error.

Opinion by RITTENHOUSE, C. This action was instituted to recover on four certain promissory notes for $700 each, in which it is alleged that the notes were made payable to Edward T. Philpot, and by him sold and assigned to the plaintiff. J. F. Cox, for a valuable consideration, before due and in due course. The defendants answered, admitting their signatures, and alleging that they executed certain notes as the purchase price of a stallion, the sale of which was not consummated: that the consideration of said notes failed; that the same were procured by fraudulent misrepresentation; that said notes were payable to "E. T. Philpot & Co.," and subsequently the name of the payee was changed without their knowledge or consent to "Edward T. Philpot or bearer."

Plaintiff relies on a large number of assignments of error. some of which are not supported by argument or citation of authorities; therefore the same will be treated as abandoned and not considered by the court De Vitt et al. v. City of El Reno et al.. 28 Okla. 315, 114 Pac. 253.

The brief in this case sets forth the assignments of error in one group, and the argument discusses abstract questions of law without calling the attention of the court to any specific error committed by the trial court. Except in one or two instances in this respect the brief is insufficient. Lawless v. Pitchford. 33 Okla. 633. 126 Pac. 782.

The notes in question were executed November 3, 1908, and the argument presented by the plaintiff in error is predicated upon the theory that the question of the alteration of such notes is governed by the Negotiable Instrument Law approved March 20. 1909. which law went into effect several months after the execution thereof. Such act provides:

"The provisions of this chapter do not apply to negotiable instruments made and delivered prior to the passage hereof."

It therefore follows that the brief is of no assistance, as it presents the alleged errors on the theory that the court should have applied the Negotiable Instrument Law of 1909 in the instant case. For instance, the plaintiff argues that. if the notes were materially altered by the changing of the name of the payee, and the addition of the words "or bearer," under section 4174, Rev. Laws 1910, the notes being in the hands of the holder in due course, not a party to the alteration. such holder could enforce payment thereof according to their original tenor. But the statute relied on was not in force at the time of the execution of the notes, and is obviously inapplicable under the law in force at the date of execution of the instrument in question. The court has repeatedly held that a material alteration of a note without the consent of the maker rendered such note void as to the maker, even in the hands of a bona fide holder, without notice of such alteration.

It was held in the case of International Bank of Coalgate v. Mullen & Mullen, 30 Okla. 547, 120 Pac. 257, Ann. Cas. 1913C, 180, that an alteration in a note whereby the name of the payee was changed from "International Bank" to "W. C. Rudisell," without

the consent of the maker, was a material alteration, and rendered such notes void as to the maker.

In the case of Commonwealth National Bank of Dallas, Tex., v. Baughman, 27 Okla. 175, 111 Pac. 332, this court, in construing the effect of a material alteration as applied to a bona fide holder without notice, held that the material alteration of a note by the payee, without the consent of the maker, avoids it against the maker, even in the hands of a bona fide holder without notice of such alteration. See, also, Richardson et al. v. Fellner, 9 Okla. 513, 60 Pac. 270; Overton v. Matthews et al., 35 Ark. 146, 37 Am. Rep. 9; Horn v. Newton City Bank, 32 Kan. 518, 4 Pac. 1022; Daniel on Neg. Inst. (6th Ed.), section 1387; German American Bank v. Hennis et al., 54 Okla. 146, 153 Pac. 671.

In the case of the Citizens' State Bank of Ramona v. L. B. Grant, 52 Okla. 256, 152 Pac. 1082, in dealing with the converse of the question, this court held that the alteration of a note whereby the name of the payee was changed from "Scott E. Winnie" to "Scott E. Winnie, Pres.," without the consent of the maker, rendered the note void as to the maker, even in the hands of a bona fide holder without notice of such alteration. It is therefore apparent that, if the name of the payee in these notes was changed from "E. T. Philpot & Co." to "Edward T. Philpot or bearer," such change was a material alteration; and, if made without the consent of the makers, renders the notes void as to them, even in the hands of a bona fide holder without notice.

It is further argued that the court erred in refusing to submit to the jury interrogatory No. 5, which is as follows:

"Was any material change made in the notes after they were signed by all of the defendants, and before delivery to the plaintiff, and, if so, what changes were made?"

Article 7, section 21, Const. Okla., provides:

"In all jury trials, the jury shall return a general verdict, and no law in force, nor any law hereafter enacted, shall require the court to direct the jury to make findings on particular questions of fact; but the court may, in its discretion, direct such special findings."

It was within the discretion of the trial court to determine as to whether or not such special interrogatory should be submitted to the jury. King v. Timmons, 23 Okla. 407, 100 Pac. 536.

It is contended by the plaintiff that, as there was no evidence offered by the defendants showing that the plaintiff had not in good faith and for a valuable consideration and without notice purchased the notes before maturity, the court should have directed a verdict for the plaintiff. There was evidence showing the alteration of the notes, that they were procured through the false representations of the agent of E. T. Philpot & Co., and that because of such false representations the defendants refused to consummate the transaction by acceptance of the stallion. This was sufficient to show that the title of the payee who negotiated the note was defective, and the burden was upon the plaintiff to prove that he acquired the same in due course and without notice.

In the case of Abmeyer v. First National Bank of Horton, 76 Kan. 877, 92 Pac. 1109:

"Since there was evidence tending to show fraud in the inception of the note, the burden was upon the bank to show that it acquired the note bona fide for value in the usual course of business, and under circumstances which created no presumption that facts impeaching its validity were brought to the notice of the bank or its managers. Kennedy v. Gibson, 68 Kan. 612, 75 Pac. 1044. This rule of law placing the burden upon the holder of paper fraudulently obtained appears to have been overlooked, as the court directed a verdict upon the theory that there was an absence of proof that Dunn or the bank had notice of fraud on the inception of the note. To meet the prima facie case arising from proof of fraud testimony was offered of the good faith of the bank, and that it had no notice of any fraud on the part of Wright, but whether the prima facie case was overcome was a question for the jury, and hence the ruling directing a verdict was error."

In Kirby v. Berguin, 15 S. D. 444, 90 N. W. 856, the court in the syllabus says:

"Where a negotiable instrument is shown to have been obtained by fraud or duress, the burden is on a subsequent holder to show that he was a bona fide purchaser for value, without notice."

Ireland v. Shore, 91 Kan. 326, 137 Pac. 926, was a cause in which fraud in obtaining the instrument was alleged in the answer. The court instructed the jury that the possession of a negotiable instrument properly indorsed is prima facie evidence that the holder is a holder in due course, and that, when the title of the person negotiating such an instrument is shown to be defective, the burden is on the holder to prove that he is a holder in due course. In the case of Gourley v. Pioneer Loan Co., 51 Okla. 434, 151 Pac. 1072, it is said:

"Where the maker of a note establishes that the note has been diverted or negotiated in violation of an agreement under which it was given, the burden is on the holder to

prove that he, or some one under whom he claims, acquired title to the note as a holder in due course, and without notice of any infirmity; and, unless he proves this to the satisfaction of the court or jury, he is not entitled to recover against the maker."

The plaintiff has assigned as error the refusal of the court to admit in evidence a letter of credit issued by an Iowa bank to Edward T. Philpot, showing his credit with the bank and bearing certain indorsements. Such letter was inadmissible for any purpose. We have also examined the evidence admitted of which the plaintiff complains on the ground that the parties had reduced their agreement to writing, and therefore parol evidence was inadmissible to contradict, vary, or modify the written contract in any particular. This rule has no application to the questions presented. The evidence was admitted, not to vary the terms of a contract, but to prove fraudulent representations, and on that theory was admissible.

Upon an examination of the whole record we find no error, and the cause should therefore be affirmed.

By the Court: It is so ordered.