## OKLAHOMA PETROLEUM & GASOLINE CO. v. MINNEHOMA OIL CO.

No. 10013—Opinion Filed Feb. 15, 1921.

(Syllabus by the Court.)

**1. Appeal and Error—Review—Briefs.**

It is a well-established rule in this jurisdiction that this court will not consider any assignments of error of the plaintiff in error not presented or argued in his brief, and those not so presented or argued are held to be waived.

**2. Same—Dismissal—Moot Questions.**

In the trial court, the plaintiff asked for an injunction, the defendant by answer asked that the prayer of the plaintiff be denied and that the contract between the parties be canceled. The trial court refused each party the affirmative relief prayed for, and dismissed the plaintiff's petition. The plaintiff objected to the jurisdiction of the trial court, and its power to render judgment upon the question involved and assigned it as error herein and presented and argued no other in its brief, and hence waived all its other assignments of error. Neither does the defendant present or argue any error of the trial court, and there being no other question before the court, held, that, since the trial court did, by its judgment, dismiss the petition of the plaintiff and the decision of this court either for or against the plaintiff could not result in any change in the form of the judgment already rendered, nor affect in any way the relation of the parties, the question herein involved is a moot question and an abstract and hypothetical proposition, disconnected from the granting of actual relief or from the determination of which no particular result can follow other than the awarding of the costs of the appeal; and the cause will not be decided by this court, and the judgment of the court dismissing the cause is affirmed.

Error from District Court, Pawnee County; N. E. McNeill, Judge.

Action by the Oklahoma Petroleum & Gasoline Company against the Minnehoma Oil Company for injunction. Judgment of dismissal, and plaintiff brings error. Affirmed.

McGuire & Devereux, for plaintiff in error.

C. H. Rosenstein, for defendant in error.

ELTING, J. This is an action brought by the Oklahoma Petroleum & Gasoline Company, a corporation, against the Minnehoma Oil Company, a corporation, in the district court of Pawnee county. Plaintiff below is the plaintiff in error in this court and the defendant below is the defendant in error herein.

The plaintiff brought an action for injunction to restrain the defendant from carrying out a threat to interfere with the operation of its plant, installed for the production of casinghead gasoline from casinghead gas. The plaintiff set up in its petition its right to use casinghead gas from the wells of the defendant upon certain lands leased from the original lessor, Morris Michael. Plaintiff also pleaded a contract with the defendant, the assignee of the original lease given by Morris Michael; that by the terms of said contract the plaintiff had the right to install a plant for the purpose of producing casinghead gasoline from casinghead gas from the wells of the defendant, and under a contract with the owner of the fee it was allowed to install its plant. The plaintiff alleged that it had, in pursuance of said contract and at great expense, installed its plant and had the same in operation; that the defendant served notice upon the plaintiff that it would cut plaintiff off within a certain time from its supply of casinghead gas, and that it was the purpose of the defendant to carry said threat into execution and that if the defendant was not enjoined in carrying out said threat, it would carry the same into execu-

tion to the great and irreparable injury of the plaintiff, and that plaintiff had no adequate remedy at law; and prayed for an injunction to restrain the defendant from carrying said threat into execution or interfering with the operation of said plant or doing any act impairing the operation of the same.

The defendant answered, admitting the contract and admitting that it was its purpose to cut off the plaintiff from its supply of gas. The defendant justified its action upon the ground that the plaintiff had breached each and every term of its contract, and, furthermore, alleged that the contract between the plaintiff and defendant as to the production of said casinghead gasoline recognized the terms of the lease made with Morris Michael, and that said contract for the production of said casinghead gasoline was hence subject to the terms of said lease. That the terms of said gasoline contract further provided that, in the event the operations of the plaintiff, under said contract, interfered with or impaired the production of the defendant from its oil wells, the defendant had the power, at its option, to declare said contract forfeited. The defendant alleged further that the plaintiff had failed to install proper equipment and had not operated its plant in accordance with the terms and requirements of its contract with the defendant, and had operated its plant in such a manner that the production of oil from the wells of the defendant was greatly lessened and impaired, and that the operation of said plant had added to the cost of production of oil of the defendant by causing the wells to clog up, which required the defendant to more frequently clean their wells.

Another allegation of the defendant was that the operation of the plant had the inevitable effect of lessening and impairing the production of oil from its wells. That this worked injury to the rights of those who were entitled to the royalties, and that defendant, as a result of such impairment of production, was liable to the lessor for damages for loss and injury sustained. The defendant prayed, upon proof of its allegations, that the plaintiff be denied an injunction and that the contract between it and the plaintiff be canceled.

The plaintiff made reply, denying the allegations of the defendant in its answer, and upon the issues thus joined the cause went to trial.

The evidence was taken and a record made of some 500 pages, including pleadings, evidence, and exhibits.

The following quotation is from the last portion of the journal entry made by the court below and shows what the court held:

"The court having duly considered the written briefs filed by the respective parties to this cause and the oral argument herein and all testimony adduced in the trial of said cause and being fully advised as to all matters and things pertaining thereto, finds the plaintiff is not entitled to equitable relief under the evidence, and therefore finds issues against the plaintiff, to which findings the plaintiff excepts.

"It is therefore considered, ordered, and adjudged by the court that the prayer of the petition of the plaintiff herein be and is hereby denied; that said petition in said cause be and the same hereby is dismissed: and it is further ordered and adjudged that the defendant herein have and recover of and from plaintiff its costs herein, the costs of said action taxed at $____, for which let execution issue, to which judgment plaintiff excepts.

"And thereupon the defendant, Minnehoma Oil Company, excepted to the ruling of the court in failing and refusing to cancel the contract heretofore entered into between these parties."

The plaintiff in error had seven assignments of error, but has only presented and argued its sixth assignment. Under a rule long established in this jurisdiction, all assignments of error not presented or argued in the brief of the plaintiff in error will be treated as abandoned. The rule is stated as follows in the case of DeVitt et al. v. City of El Reno, 28 Okla. 315, 114 Pac. 253:

"The rule that causes assigned for a new trial in the motion for a new trial, and assignments of error in the petition in error, which are not presented or argued in the brief of the plaintiff in error, will be treated as abandoned and will not be considered by this court, has long since become the settled law and practice in this jurisdiction." Eskridge v. Taylor, 75 Okla. 139, 182 Pac. 516; Cavanagh v. Johannessen, 57 Okla. 149, 156 Pac. 289; Hatcher v. Roberson, 63 Okla. 269, 164 Pac. 1141; Ft. Smith & W. R. Co. v. Knott, 60 Okla. 175, 159 Pac. 847; Cox v. Kirkwood, 59 Okla. 183, 158 Pac. 930; Connelly v. Adams, 52 Okla. 382, 152 Pac. 607.

The defendant in error, defendant below, excepted to the action of the trial court in failing to cancel the contract between plaintiff and defendant, but does not urge such error in this appeal and must be held to have abandoned its contention thereon.

The sixth assignment of the plaintiff in error is as follows:

"That the court erred in not holding that it had no jurisdiction under the laws of the

state of Oklahoma in regard to the installation or removal of vacuum pumps."

The plaintiff in error's plea in its brief was that the Corporation Commission of Oklahoma had exclusive jurisdiction as to the installation or removal of vacuum pumps. The question at issue under the contract was as to whether the plaintiff had a right to continue the operation of vacuum pumps at the wells of the defendant.

Upon this state of the record the question arises as to what is before the court for decision. The plaintiff in error takes the anomalous position of denying the jurisdiction of the court, whose jurisdiction it had originally invoked. The trial court denied to the plaintiff the affirmative relief which it asked for, the granting of an injunction, and denied to the defendant the affirmative relief it asked for, the cancellation of the contract. The court below dismissed the petition of the plaintiff.

We can only judge the judgment of the court below by what it says and by what it effected and did. We cannot speculate upon what grounds the court based its judgment, when the judgment itself does not express such grounds. This court by deciding the contention of the plaintiff in error in its favor could not do anything more than what the court below has already done, and in the event that this court held against the plaintiff in error it would do nothing more than to affirm what the court below has already done. The interests of the parties herein cannot be affected by a decision of this court, and by holding that the court did have jurisdiction, or by holding the converse, that it did not have jurisdiction, a decision could in no way change the situation of the parties under the judgment of the court below; hence, the result, in either event, is the same.

We therefore hold the question involved herein to be an abstract and hypothetical proposition, and its determination would not grant any actual relief, and hence, being merely a moot question of law, that no good purpose could now be served by any further proceedings.

That "abstract and hypothetical questions, disconnected from the granting of actual relief or from the determination of which no particular results can follow, other than the awarding of costs of the appeal, will not be decided by this court", has long since become the settled rule of this court.

The judgment of the trial court is affirmed.

HARRISON, C. J., and PITCHFORD. KENNAMER, and NICHOLSON, JJ., concur; McNEILL, J., disqualified.