**STOCKMAN et al. v. LOESER et al.**

No. 9970—Opinion Filed Oct. 18, 1921.

(Syllabus.)

**1. Pleading — Amendment After Motion or Demurrer Sustained — Effect as Waiver of Error.**

When a motion or demurrer is sustained to a pleading, and the pleader thereafter obtains leave of court to amend and does file amended pleadings, he thereby waives the error, if any has been committed, in sustaining such motion or demurrer. In order to take advantage of a ruling sustaining a motion or demurrer, the party must stand upon his pleading so held to be defective or deficient, and not amend.

**2. Appeal and Error—Abandonment of Error—Failure to Argue in Brief.**

The rule that causes assigned for a new trial in the motion for a new trial, and assignments of error in the petition in error, which are not presented or argued in the brief of the plaintiff in error, will be treated as abandoned and will not be considered by this court has long since become the settled law and practice in this jurisdiction.

**3. Quieting Title—Pleading—Defenses—Evidence—Judgment.**

When the answer and cross-petition of the defendants contain sufficient facts to constitute a complete defense to plaintiff's causes of action set out in her petition and defendants allege they are the owners of the property in controversy, and ask to have their title quieted, and the allegations contained in the defendants' answer and cross-petition are only controverted by a general denial, and the uncontradicted evidence supports the allegations in defendants' answer and cross-petition, it is the duty of the trial court to render judgment for defendants as prayed for by them.

**4. Pleading —Issues Presented—A andoned Pleadings.**

The only issues presented for a court to try are those raised by the pleadings on file when the case is tried. Issues raised by pleadings that have been voluntarily abandoned by the pleader or to which motions or demurrers have been sustained, or by pleadings that have been stricken from the files, are dead issues and not properly before the court on the trial of the case unless presented in some subsequent pleading so as to make them a live issue.

Error from District Court, Alfalfa County; James B Cullison, Judge.

Action by Frederike Stockman against Otto Loeser and five other defendants to recover possession of an undivided interest in real estate and for rents and profits and for partition. Judgment decreeing Otto, Fred, Godfrey, and Wilhelm Loeser to be the owners of the property and denying their codefendants, Minnie Christensen and Frank Loeser, and the plaintiff any of the relief prayed for. Plaintiff Friederike Stockman and defendants Minnie Christensen and Frank Loeser appeal. Affirmed.

C. H. Mauntel and J. P. Grove, Sr., for plaintiffs in error.

Titus & Talbot, for defendants in error.

MILLER, J. This action was commenced in the district court of Alfalfa county by Friederike Stockman, as plaintiff, against Minnie Christensen, Wilhelm Loeser, Frank Loeser, Fred Loeser, Otto Loeser, and Godfrey Loeser, for the purpose of partitioning the northeast quarter of section 15, in township 28 north of range 10, W. I. M., in Alfalfa county, Oklahoma. The original petition was afterwards amended, answers filed by different defendants and replies filed by the plaintiff. There were numerous amended answers and replies filed, demurrers and motions sustained, and the case was tried to the court without a jury, which trial resulted in a judgment decreeing Otto Loeser, Fred Loeser, Godfrey Loeser, and Wilhelm Loeser to be the owners of the land in controversy and quieting the title in them as against the plaintiff and their codefendants, Frank Loeser and Minnie Christensen. The plaintiff and the defendants Frank Loeser and Minnie Christensen filed their separate motions for a new trial, all of which were overruled by the court. They perfected this appeal and have united as plaintiffs in error in this court.

The facts upon which this lawsuit is based and the errors complained of in this appeal are as follows:

The land in controversy was formerly owned by Carl Loeser (otherwise known as Charles Loeser) and was occupied as the homestead of the said Carl Loeser and Marie Loeser, his wife, who were the father and mother, respectively, of all the parties to this action. Frank Loeser, sometime prior to the 14th day of March, 1910, brought an action in the district court of Alfalfa county against Carl Loeser to recover damages for malicious prosecution. On the 14th day of March, 1910, Carl Loeser and his wife. Marie Loeser, executed a deed of general warranty conveying said land to Otto Loeser. Thereafter, and on the 31st day of March, 1910, Otto Loeser executed a deed of general warranty conveying said land to one Gottleib Dautel. These deeds were duly recorded in the office of the recorder of deeds within a day or two after the execution thereof. On May 4, 1910, Gottleib Dautel

executed a deed of general warranty conveying said land to Otto, Fred, Godfrey, and Wilhelm Loeser. This deed was not filed for record until the 18th day of April, 1912. On November 22, 1912, Frank Loeser filed an action in the district court of Alfalfa county in which he sought to subject the land in controversy in this action to the payment of a certain judgment in the sum of $2,000, which he had obtained in the district court of Alfalfa county against his father, Carl Loeser, in the action for damages based upon malicious prosecution. Otto Loeser, Fred Loeser, Godfrey Loeser, and Wilhelm Loeser were made parties defendant with their father. During the pendency of the action and before final judgment, Carl Loeser died, and the action was revived in the name of the administrator of his estate and proceeded to final judgment. Marie Loeser died sometime before the death of her husband, Carl Loeser. On the trial of the case instituted by Frank Loeser to subject the land in controversy to the payment of his judgment the court sustained a demurrer to his evidence. He took an appeal to this court from the ruling of the district court of Alfalfa county, 'which appeal he thereafter dismissed. On September 10, 1915, Friederike Stockman commenced this action and in her petition she asked for partition of the land and alleged that she was the owner of a one-seventh interest therein, that defendants Fred Loeser, Otto Loeser, Godfrey Loeser, and Wilhelm Loeser were in adverse possession of the property. The four defendants in error filed motions and demurrers to the petition. When these were presented to the court plaintiff obtained leave of court to amend her petition, and thereafter filed an amended petition which included a cause of action asking for the possession of the property. Defendants in error filed an answer to this amended petition alleging that they were the owners of the property and based their title and ownership upon the deed of Carl Loeser and Marie Loeser to Otto Loeser; from Otto Loeser to Gottleib Dautel and the deed from Gottleib Dautel to these four defendants in error. They also pleaded the judgment in the former action, wherein the deed executed by Carl Loeser and Marie Loeser was attacked in the suit of Frank Loeser, and alleged that Carl Loeser in his life time defended against said action and asserted the validity of said deed and that its validity was upheld by the judgment of the court.

To this answer of defendants in error the plaintiff filed a lengthy reply. In her reply the plaintiff asked for the cancellation of each of the deeds above referred to, alleging that at the time of the execution of the deeds by Carl Loeser and Marie Loeser they were each very old, feeble and infirm; that there existed a conspiracy on the part of the defendants in error to obtain the title to said land, and by fraud they induced the said Carl Loeser to convey the said land to them. The four defendants claiming ownership of the land under the deeds filed a motion to strike from plaintiff's reply all of the allegations that the deed from Carl Loeser was procured by fraud. This motion was by the court overruled.

The defendants Frank Loeser and Minnie Christensen each filed a separate answer and cross-petition in which they adopted the allegations of the plaintiff's petition and her reply and asked that the prayer of plaintiff's petition be granted. To these separate pleadings, the reply of plaintiff, the answer and cross-petition of defendants Frank Loeser and Minnie Christensen, the four defendants in error filed separate demurrers. On presentation, the demurrers were sustained by the court. That part of the journal entry sustaining said demurrers reads as follows:

"And thereafter and on the 8th day of June, 1916, and during said March, 1916, term of said court, and the court being in session and all parties appearing as before, said cause comes on for further hearing before the court upon the demurrer of the defendants Fred Loeser, Godfrey Loeser, Wilhelm Loeser and Otto Loeser to plaintiff's reply, and to the answer and cross-petitions of the defendants Minnie Christensen and Frank Loeser. And said counsel duly present said demurrers, and the court having heard the argument of said counsel and being fully advised in the premises finds that said demurrers, as applied to the pleadings filed in this action should be and the same are thereupon sustained, to which ruling of the court said plaintiff and said defendants Minnie Christensen and Frank Loeser except, and ask that they be granted additional time to file amended replies to the answer of the defendants Fred Loeser, Godfrey Loeser, Wilhelm Loeser, and Otto Loeser, which request is granted by the court, and they are granted ten days from this date to file such amended reply, or replies."

Thereafter, on June 19, 1916, the plaintiff filed an amended reply and on the same day defendants Frank Loeser and Minnie Christensen joined in an amended answer and cross-petition in which they adopt and reassert the allegations of their original answer and cross-petition and adopt the allegations contained in the amended reply of the plaintiff. The defendants in error filed de-

murrers to the amended reply and the amended answer and cross-petition, which demurrers were sustained by the court, as shown by the following journal entry:

"Now, on this 25th day of July, 1916, the same being a day of the regular March, 1916, term of this court, the above entitled cause came on for hearing before the court upon the demurrer to plaintiff's amended reply, and also the demurrer to cross-petitions of the defendants Minnie Christensen and Frank Loeser, said demurrers filed by the other defendants Fred Loeser, Otto Loeser, Godfrey Loeser, and Wilhelm Loeser. Plaintiff appearing by her attorney, C. H. Mauntel; the defendants Minnie Christensen and Frank Loeser appearing by their attorney, J. P. Grove, and the other defendants appearing by their attorneys, Titus & Talbot. And said counsel duly present said demurrers to the court and the court having heard the argument and statements of said counsel, and being fully advised in the premises, sustains said demurrers, to which ruling of the court said plaintiff and cross-petitioners except.

"Thereupon said plaintiff and said cross-petitioners ask that they be granted leave to file amended reply, and amended cross-petitions, which request is granted by the court, and the defendants Otto Loeser, Godfrey Loeser, Wilhelm Loeser, and Fred Loeser thereupon ask leave to file an amended answer to plaintiff's amended petition now on file in this action, which request is also granted by the court, said amended answer to be filed within ten days from this date, and said amended cross-petitions and reply to be filed within ten days thereafter."

On July 31, 1916, the four defendants in error filed their amended answer, which contained only a general and special denial. On August 12, 1916, Minnie Christensen filed a separate amended answer. On the same day Frank Loeser filed his separate amended answer, in which he adopts and assumes as his amended answer the amended answer of the defendant Minnie Christensen.

The defendants in error, on August 21, 1916, by a written motion filed in said cause, moved the court to strike these amended answers from the files on the ground that they alleged substantially the same facts as those contained in their former pleadings to which the court had sustained a demurrer. This motion was sustained by the court on March 5, 1917.

On August 30, 1917, defendants in error obtained leave of court and filed an amended answer and counterclaim which is as follows:

"Come now Otto Loeser, Fred Loeser, Godfrey Loeser, and Wilhelm Loeser, defendants in above entitled cause, and file this their amended answer and counterclaim to plaintiff's amended petition now on file herein, leave of court first had and obtained and say:

"They deny all and singular the material averments of said amended petition save such as are hereinafter expressly admitted.

"They admit that plaintiff and the various defendants are all of the children of said Carl Loeser; that the land described in said petition, to wit, the northeast quarter (N. E. 1-4) of section fifteen (15) township twenty-eight (28) north, of range ten (10) W. I. M. Alfalfa county, Oklahoma, was proved up by said Carl Loeser, and that he received a patent therefor from the United States; and that the said Carl Loeser departed this life at about the time stated by plaintiff, to wit, in January, 1914, and that he died intestate.

"These defendants further answering allege and say that plaintiff is not entitled to further prosecute this action for the reason that plaintiff is now and ever since the filing of this action has been a resident and citizen of the German Empire, and that since the 6th day of April, 1917, by an act of the Congress of the United States a state of war is declared to and does now exist between the United States and the German Empire.

### "Counterclaim.

"These defendants, for affirmative relief and by way of counterclaim, allege and say: That they are the owners of the legal and equitable title in and to the lands aforesaid; that they procured title thereto through mesne conveyances from the said Carl, or Charles, Loeser, and his wife, Marie Loeser, who resided on and held said land as their homestead from the date they obtained the same from the United States till the date of their conveyance as hereinafter described.

"That on the 14th day of March, 1910, the said Carl Loeser and his wife, Marie Loeser, who were at the time residing on said land as their homestead, for a good and valuable consideration sold, and, by deed of general warranty, conveyed the same to Otto Loeser, one of these defendants; that said deed was duly acknowledged and delivered by said grantors and on the 16th day of March, 1910, at 9:20 o'clock a. m. was duly filed for record and recorded in the office of the register of deeds of said county, in Book 3, at page 579. That on the 31st day of March, 1910, the said Otto Loeser for a good and valuable consideration sold and by deed of general warranty conveyed said land to one Gottleib Dautel; that said deed was duly acknowledged and delivered by the grantor and on the first day of April, 1910, was filed for record in the office of the register of deeds of said county at 11:30 o'clock a. m. and duly recorded in Book 7 of Deeds at page 114. That on the 4th day of May, 1910, the said Gottleib Dautel for a good and valuable consideration sold and by deed of general warranty, con-

reyed said land to these answering defendants, to wit: Otto Loeser, Fred Loeser, Godfrey Loeser, and Wilhelm Loeser; that said deed was duly acknowledged and delivered by the said grantor and on the 18th day of April, 1912, was filed for record and recorded in the office of the register of deeds of said county at 5:00 o'clock p. m. and duly recorded in Book 14 of Deeds at page 41 of the records of said office. That at the time and by virtue of said conveyances these answering defendants became, ever since have been and now are the owners of the legal and equitable title in and to said real estate and every part thereof. That during all of said times these answering defendants have been and are now in the peaceable possession of said real estate and every part thereof and have enjoyed and received the rents, issues and profits thereof; that such possession has been and is open, notorious, hostile and adverse to the rights and claims of all other persons including the plaintiff and said codefendants, Minnie Christensen and Frank Loeser.

"These defendants further allege that the plaintiff and the said defendants, Minnie Christensen and Frank Loeser, have or claim to have some right, title, interest, claim or estate in and to said real estate or some part thereof, the exact nature of which these defendants are unable to state, except that the said plaintiff and said defendants, Minnie Christensen, and Frank Loeser, claim to own shares of said real estate as heirs at law of said Carl Loeser, deceased. But these defendants say that such claim or claims are without right and are void as against the right, title, and estate of these defendants, but constitute a cloud upon the right and title of these defendants; and these defendants further say that they are entitled to have such cloud and claim canceled and removed from the title of these defendants, and to a decree of this court that the title and estate of these defendants is superior to the right, title, interest, claim and estate of said plaintiff and said codefendants, Minnie Christensen and Frank Loeser, and to a further decree that said plaintiff and said codefendants have no right, title, interest, estate or claim in or to said property or any part thereof.

"Wherefore these defendants pray the court that plaintiff take nothing by her petition and that the title of these defendants, to wit: Otto Loeser, Fred Loeser, Godfrey Loeser and Wilhelm Loeser, be quieted and declared perfect in them, and that the said plaintiff and said codefendants, Minnie Christensen and Frank Loeser, be decreed to have no right, title, interest, estate or claim in or to said property or any part thereof, and that they be enjoined from asserting or setting up any such right, title, interest, claim or estate; that these defendants recover their costs herein expended and

have all other and further relief to which they may be entitled."

On November 27, 1917, Minnie Christensen obtained leave of court and filed a reply to the amended answer and counterclaim filed by the four defendants in error on August 30, 1917. On the same day Frank Loeser obtained leave of court and filed his separate reply to the amended answer and counterclaim of defendants in error. In his reply he again adopted the answer and counterclaim of defendant Minnie Christensen.

The defendants in error claim the replies so filed were carbon copies of the answer and cross-petition which had been stricken by the last previous order of the court. By comparing the pleadings we find they are identical, with the exception of a slight change in form of the wording in the first paragraph and the last part of the prayer. The changes so made do not affect either the substance, the material allegations, or the issues attempted to be raised. The defendants in error filed a motion to strike these pleadings from the files on the ground that said pleadings were identical with the ones that had been previously held insufficient and stricken by the order of the court. The plaintiff had not filed an amended reply since the court had sustained the last demurrer to her amended reply.

On December 11, 1917, the case was called for trial with the pleadings in this condition. The plaintiff by her attorney asked and was granted leave to file a reply to the answer and cross-petition of defendants in error. This reply consisted of a general denial of the allegations contained in the answer and cross-petition and alleged that the plaintiff was a resident of the German Empire and a citizen of the German Empire and she was then living within the borders of the German Empire, and that she is classed as an "alien enemy," and is not able, by reason of a state of war existing between the Government of the United States and the Government of the German Empire, to prosecute this action.

Thereupon the following proceedings were had and done by said court:

"By the Court: At this time, this cause comes on for hearing on the motion of the defendants Otto Loeser, Fred Loeser, Godfrey Loeser and Wilhelm Loeser to strike the reply of the defendants Frank Loeser and Minnie Christensen from the record.

"The court after having examined the record in said cause and having heard counsel for plaintiff and defendants, and being fully advised in the premises, finds that on

March 14, 1910, Charles Loeser, father of plaintiff and defendants, deeded the land in dispute to Otto Loeser;

That later on, a suit was filed by Frank Loeser to set aside said deed, which action resulted in a judgment for Otto Loeser, the court finding that the title to said land was in Otto Loeser;

"That an appeal was taken to the Supreme Court of the state of Oklahoma, and later, the plaintiff in error, Frank Loeser, dismissed the appeal; thereby the judgment of the trial court becoming final and binding upon all parties to the action:

"The court is of the opinion that the action brought by plaintiff to partition could not be maintained and that a demurrer to said petition was properly sustained, for the reason that plaintiff had no right or title whatsoever in said property.

"The court is further of the opinion that the court should not have permitted an amended petition to be filed, for the reason that all the rights to the property had been previously adjudicated and found to be in Otto Loeser, which was properly sustained; that in truth and in fact there has never been a time when a cause of action, of any description or kind, could be maintained against Otto Loeser by this plaintiff or defendants acting with them;

"That so far as the plaintiff Friederike Stockman is concerned the record showing that she is a resident of and now domiciled in the German Empire, this would make no difference in this case for the reason if she ever had any rights, they had been adjudicated in the former trial of this case in favor of Otto Loeser and that the plaintiff Friederike Stockman could not maintain an action because she had no right whatsoever in the property;

"That the answer filed by the defendants Otto Loeser, Fred Loeser, Godfrey Loeser, and Wilhelm Loeser to the amended petition, is the first pleading in this case asking for affirmative relief whereby the court could legally and effectively dispose of the case;

"That in said answer they ask for affirmative relief in that they ask that the title be quieted in said four defendants, Otto Loeser, Fred Loeser, Godfrey Loeser, and Wilhelm Loeser;

"That the reply thereto is merely an attempt to set up the same cause of action that had been heretofore held insufficient by the trial court and, in fact, is not sufficient to constitute a cause of action and that the motion to strike said reply, so denominated (which we treat as a petition in truth and in fact) should be, and the same is hereby stricken from the record.

"By Mr. Grove: At this point, the defendants Minnie Christensen and the said Frank Loeser each and severally except to the ruling of the court.

"By the Court: Now, gentlemen, you better exercise your right to ask for relief on the pleadings right now because you are standing on them, anyhow, asking that the title be quieted and let them appeal if they desire.

"By Mr. Talbot: If the court please, we would like to offer a little documentary evidence for the reason that they still have a general denial on file.

"By the Court: Very well; you may do so.

"By Mr. Mauntel: Before you offer that, I wish to make an objection on behalf of the plaintiff Friederike Stockman:

"The plaintiff Friederike Stockman, by her attorney, objects to the introduction of any testimony in support of the cross-petition and answer of the defendants Otto Loeser, Godfrey Loeser, Wilhelm Loeser, and Fred Loeser, for the reason that the plaintiff Friederike Stockman is an 'alien enemy,' a citizen of and domiciled in, the German Empire at this time, and has been during the entire period of the pendency of this action and is not able by reason of said legal disability, to present her case or to defend successfully against any evidence that said defendants heretofore enumerated may offer.

"By the Court: It appearing to the court that the plaintiff's interests in this case are identical with those of the defendants Frank Loeser and Minnie Christensen, and that each and all of these parties are represented by competent counsel, and have been fully and truly heard many times, the objections of the plaintiff, Friederike Stockman, to the introduction of any evidence on behalf of the defendants Otto Loeser, Godfrey Loeser, Wilhelm Loeser, and Fred Loeser at this time, will be overruled.

"By Mr. Mauntel: To which ruling of the court in overruling the objections of the plaintiff, Friederike Stockman, to the introduction of evidence in said cause by the defendants Otto Loeser, Fred Loeser, Godfrey Loeser, at this time, the said plaintiff, Friederike Stockman, excepts."

The plaintiffs in error in their brief admit that the defendants in error introduced evidence in support of their amended answer and cross-petition. To the introduction of this evidence the plaintiffs in error each objected, which objections were by the court overruled and the plaintiffs in error excepted. After the defendants in error had rested their case the plaintiffs in error each offered to introduce testimony in support of the allegations set forth in their respective replies which had been stricken from the files by order of the court, which offer was by the court refused and denied, and the plaintiffs in error excepted to said ruling of the court.

We have endeavored to be as brief as possible in making an intelligent statement.

showing the condition of the pleadings as disclosed by the record. The case-made contains more than 150 pages of pleadings, motions, and amended pleadings. The plaintiffs in error have made numerous assignments of error in their petition in error, but set out only two grounds which they assume to argue in their brief, wherein they say:

"There are but two propositions that can be presented to the court in this cause. The first is: Did the civil action in the district court of Alfalfa county wherein Frank Loeser, the son of Carl Loeser, and one of the plaintiffs in error herein, was plaintiff and Carl Loeser, his father, who died during the pendency of the action, and the four sons who are defendants in error herein, together with Gottlieb Dautel, were defendants present a bar to the plaintiffs in error herein?

"And: Was this action brought within the period of limitation?"

The defendants in error say of the second question proposed by plaintiffs in error:

"Inasmuch as the matter of limitation was not relied upon by the defendants in the lower court and was never presented to, nor considered by the judge, we will concede that that question was not in this case, and that defendants claim no right nor benefit under the statute of limitations."

Therefore we do not need to consider the second question raised by plaintiffs in error.

Defendants in error say that, under the law. if any errors were committed by the trial court in its rulings on the demurrers or motions, they were all waived, except the ruling on the last motion, which was a motion to strike, because the parties obtained leave of court to plead over and did plead over. This court has announced the rule of law in this jurisdiction. as follows:

"When a demurrer is sustained to a pleading. and the pleader thereupon takes leave to amend. he thereby waives the error. if any has been committed, in sustaining such demurrer. In order to take advantage of a ruling on a demurrer when such demurrer is sustained. the party must stand upon his pleading held to be defective. and not amend." Berry et al. v. Barton et al., 12 Okla. 221, 71 Pac. 1074.

"Where a demurrer to a petition is sustained and the plaintiff asks for and is granted time in which to amend, the error, if any, in sustaining said demurrer is waived and cannot be assigned as error; and the judgment of the court dismissing the plaintiff's cause of action, where he fails to file an amended pleading, under the state of

case above. given, was proper." State ex rel. Freeling v. Martin, 62 Okla. 295, 162 Pac. 1088.

"Where a demurrer to a petition is sustained, and the plaintiff is granted time in which to amend, the error, if any, in sustaining said demurrer is waived, and cannot be assigned an error; and the judgment of the court dismissing the plaintiff's cause of action, where he fails to file an amended pleading, under the state of the case above given, is proper." Cates v. Miles et al., 67 Oklahoma, 169 Pac. 888

"Where a demurrer is sustained to each paragraph of the answer, except the paragraph containing a general denial, and exceptions are saved to the ruling of the court and incorporated in the motion for a new trial, and included in the writ of error, the error of the trial court in sustaining the demurrer is properly before this court for review, notwithstanding more than six months intervened between the date of the order sustaining the demurrer and filing a writ of error in this court." Brooks et al. v. Watkins Medical Co., 81 Okla. 81, 196 Pac. 956.

The defendants in error contend that the first question proposed by plaintiffs in error is not in this case, and that the only question presented to this court is, Did the trial court err in striking the last amended reply of Frank Loeser and Minnie Christensen from the files? They say that by law and under the decisions of this court all other questions have been waived.

We agree with the first part of their contention. It is also apparent the plaintiffs in error have abandoned the question suggested by defendants in error.

If the trial court committed any error in proceeding with the trial of said cause on account of Friederike Stockman being an alien enemy and rendered a judgment against her while a state of war existed between the Government of the United States and the Imperial German Government, that error was waived, because the plaintiff in error has not presented the question in her brief. Not one line or word in the argument nor any citations of authority are offered or suggested to this court in support of her statement in her petition in error that this constituted error. The same is true of the question suggested by defendants in error. "Did the trial court err in striking the last amended reply of Frank Loeser and Minnie Christensen from the files?"

The only question presented by the brief of plaintiffs in error has heretofore been set out in totidem verbis. which, stripped of all surplus verbiage. would read: "Did the

civil action brought in the district court of Alfalfa county by Frank Loeser against Carl Loeser et al. present a bar to the plaintiffs in error herein?" This does not present the question, "Did the trial court err in striking the last amended reply of Frank Loeser and Minnie Christensen from the files?" They do assign that question as one of their grounds of error in their petition in error, but, not having presented it in their brief, they have abandoned it. Elting, J., has announced the law on this question and collected the decisions of this court in the case of Oklahoma Petroleum & Gasoline Co. v. Minnehoma Oil Co., 80 Okla. 245, 195 Pac. 759, as follows:

"(1) The plaintiff in error had seven assignments of error, but has only presented and argued its sixth assignment. Under a rule long established in this jurisdiction, all assignments of error not presented or argued in the brief of the plaintiff in error will be treated as abandoned. The rule is stated as follows in the case of De Vitt et al. v. City of El Reno, 28 Okla. 315, 114 Pac. 253:

" 'The rule that causes assigned for a new trial in the motion for a new trial, and assignments of error in the petition in error, which are not presented or argued in the brief of the plaintiff in error, will be treated as abandoned and will not be considered by this court has long become the settled law and practice in this jurisdiction.'

"See Eskridge v. Taylor, 75 Okla. 139, 182 Pac. 516; Cavanagh v. Johannessen, 57 Okla. 149, 156 Pac. 289; Hatcher v. Roberson, 63 Okla. 269, 164 Pac. 1141; Ft. Smith & W. Ry. Co. v. Knott, 60 Okla. 175, 159 Pac. 847; Cox v. Kirkwood, 59 Okla. 183, 158 Pac. 930; Connelly v. Adams, 52 Okla. 382, 152 Pac. 607.

"The defendant in error, defendant below, excepted to the action of the trial court in failing to cancel the contract between plaintiff and defendant, but does not urge such error in this appeal, and must be held to have abandoned its contention thereon."

The state of the pleadings at the commencement of the trial are as follows: The amended petition of the plaintiff, Friederike Stockman, in which she asserted ownership of an undivided one-seventh interest in the land as an heir of Carl Loeser, deceased, and asking that she be restored to possession and the land be partitioned. To this amended petition the defendants in error had filed their amended answer and counterclaim, which has heretofore been set out in full. In it they deny generally the allegations in plaintiff's petition, assert they are the owners of the land and deraign their title through a deed executed by Carl Loeser, and ask to have their title quieted. To this amended answer the plaintiff filed a reply containing a general denial and alleging she was an alien enemy. The separate reply of the plaintiffs in error Frank Loeser and Minnie Christensen had been stricken from the files by order of the court, and they did not have a pleading of any kind on file. They were not asserting any right, title, or interest in the land by any pleading.

What issues were presented for trial by these pleadings? Plaintiffs in error Frank Loeser and Minnie Christensen were not claiming anything. Plaintiff in error Friederike Stockman did not have any pleading which in any way attacked the validity of the deeds through which the defendants in error claim title. She was not asking to have these deeds canceled or set aside. If any issue was raised by plaintiffs in error, it was raised by Friederike Stockman by the general denial contained in her reply. It is not necessary in this case to pass on whether or not the unverified general denial raised an issue and on that we are not expressing any opinion. The defendants in error assumed on the trial of the case in the court below that it did raise an issue, and to support their claim of ownership they introduced in evidence the three deeds as set forth in their answer and cross-petition. Under this proof the deed of Carl Loeser and Marie Loeser, his wife, divested him of title during his lifetime, and at the time of his death he did not have any title to this land, therefore Friederike Stockman could not inherit from her ancestor who did not have title at the time of his death. The proof made by the introduction in evidence of the other deeds set forth in the answer and cross-petition of the four defendants vested the legal title in them, and, in the absence of proof of any equities or equitable title that would impair their legal title, it was the duty of the trial court, under the issues raised by the pleadings as they then existed, to render a judgment decreeing the four defendants to be the owners of the land and quieting their title as prayed for.

The plaintiffs in error have not presented any error to this court that constitutes reversible error, therefore, the judgment of the trial court is affirmed.

HARRISON, C. J., and JOHNSON, ELTING, KENNAMER, and NICHOLSON, JJ., concur