## OKLAHOMA GAS & ELECTRIC CO. v. PRIEST.

No. 25466.    Nov. 4, 1936.

Rainey, Flynn, Green & Anderson and John P. Roemer, for plaintiff in error.

Carmon Harris, John Morrison, and W. P. Morrison, for defendant in error.

OSBORN, V. C. J. This action was instituted in the district court of Oklahoma county by W. J. Priest, hereinafter referred to as plaintiff, against the Oklahoma Gas & Electric Company, hereinafter referred to as defendant, wherein plaintiff sought to recover damages for personal injuries sustained by him as a result of alleged improper medical attention administered to him by a physician selected by defendant. Lester E. Johnson, foreman of the construction department of the defendant corporation, was named as a party defendant, but was not served with summons. The cause was tried to a jury and a verdict rendered in favor of plaintiff for $2,500. From a judgment thereon, defendant has appealed.

We quote a portion of paragraph 2 of plaintiff's petition as follows:

"That on and prior to the 4th day of March, 1931, plaintiff was an employee of defendant Oklahoma Gas & Electric Company and that on the 4th day of March, 1931, defendant Lester E. Johnson was foreman of the construction department, for the fendant Oklahoma Gas & Electric Company, nany and subprincipal of the defendant Oklahoma Gas & Electric Company, under whom the plaintiff was employed, and while acting as said subprincipal and agent, went to the home of the plaintiff and maliciously assaulted and otherwise abused plaintiff, who is a man of advanced years, without any cause or provocation, and caused the plaintiff to be overcome by hysteria and fear, and that as a result, the plaintiff was prostrated and was placed in bed. That all of the acts of the said defendant Lester E. Johnson, as aforesaid, were committed while acting as subprincipal and agent of the defendant Oklahoma Gas & Electric Company, and in the course of his employment, to wit: That plaintiff had been acting as night watchman and after leaving his place of employment, had gone home to sleep and that the defendant Lester E. Johnson went to the home of the plaintiff for the purpose of admonishing and disciplining plaintiff, because of the manner in which plaintiff discharged his duties. That by reason of the acts of the defendant Lester E. Johnson, as aforesaid, it was necessary for medical treatment to be administered to the plaintiff. That while still acting as agent of the defendant, the Oklahoma Gas & Electric Company, the defendant Lester E. Johnson called, or caused to be called, one Dr. Griggs, then residing at Harrah, Okla., for the purpose of administering medical attention to the plaintiff and that the said Dr. Griggs administered medical treatment to the plaintiff at the insistence and request of defendant or its agent."

Plaintiff further alleged that Dr. Griggs negligently, carelessly, and unskillfully used an unsterilized hypodermic needle for the purpose of making an injection in plaintiff's right arm, causing plaintiff's arm to swell and become painful and ultimately resulting in permanent disability to said right arm; that the said Dr. Griggs was a negligent, careless, and incompetent physician and was in the habit of becoming intoxicated and remaining in such condition for several days and sometimes several weeks, which facts were known, or with the exercise of due diligence should have been known, by the defendant; that the defendant company, or its agent, Johnson, did not exercise ordinary care and discretion in selecting and calling the said Dr. Griggs for the purpose of administering medical treatment to plaintiff, all of which was the proximate cause of plaintiff's damage. We quote paragraph 3 of plaintiff's petition as follows:

"That by reason of the negligence, carelessness, and lack of ordinary discretion and care on the part of the defendants and each of them, in selecting and providing a careless, negligent, unskilled and incompetent physician, to administer medical treatment to the plaintiff; that plaintiff has been damaged as follows, $1,000 loss of earning while totally disabled; $2,000 pain and suffering; $3,000 for permanent damage and disability to his right arm and $500 doctor bills."

The petition was filed on January 4, 1933. On February 23, 1933, plaintiff secured permission of the trial court to amend the petition by interlineation. The above-quoted paragraph of the petition was amended to read as follows:

"That by reason of the **assault committed on the plaintiff by defendant Johnson as agent of the defendant Oklahoma Gas & Electric Company and on account of the** negligence, carelessness, and lack of ordinary discretion and care on the part of the defendants and each of them, in selecting and providing a careless, negligent, unskilled, and incompetent physician, to administer medical treatment to the plaintiff; that plaintiff has been damaged as follows, $1,000 loss of earnings while totally disabled; $2,000 pain and suffering; $3,000 for permanent damage and disability to his right arm and $500 doctor bills."

Defendant thereafter filed a motion to strike from plaintiff's amended petition the words "assault committed on the plaintiff by defendant Johnson as the agent of defendant Oklahoma Gas & Electric Company and on account of the," for the reason that plaintiff by said amendment had stated a new cause of action which was barred by the statute of limitations. The motion to strike was sustained and the quoted language was stricken from the petition, so that said paragraph read as first quoted herein.

The answer of defendant consisted of a verified general denial.

It is urged on appeal that the trial court erred in giving instructions No. 10 and No. 11, which instructions are set out as follows:

"10. You are instructed that where one who suffered personal injury by reason of the negligence and fault of another, and such injured person exercises reasonable care in securing the services of a competent physician and surgeon, and his injuries are thereafter aggravated and increased by the negligence, mistake, or lack of skill of such physician and surgeon, the law regards the negligence of the wrongdoer in causing the original injury as the proximate cause of the damage flowing from the subsequent negligent or unskillful treatment thereof, and holds the original wrongdoer liable therefor.

"However, if one who has suffered personal injuries by reason of the negligence of another, does not select his own physician or surgeon, but depends upon the one guilty of the original negligence to make such selection, the only duty required of him is to use reasonable care in the selection of the doctor, and he would not be held liable for any aggravated or increased injury by reason of the mistake or lack of skill of such physician and surgeon if he used ordinary prudence in the selection of such doctor.

"11. The court instructs you that the statutes of the state of Oklahoma define an assault as follows:

"'An assault is any willful and unlawful attempt or offer with force or violence to do a corporal hurt to another.'

"In determining the injury complained of in this case by reason of said alleged assault, if you find by a preponderance of the evidence there was an assault, you may take into consideration the age or infirmity of the plaintiff in arriving at your conclusion whether or not there was an injury which contributed or was the proximate cause which resulted in the alleged damage complained of."

By giving the above-quoted instructions in connection with the other instructions, the trial court submitted to the jury two separate theories of recovery. The first is that defendant, through its agent and vice principal, Johnson, was negligent in calling an incompetent physician to treat plaintiff. The second is that the said Johnson, while acting as agent of defendant, committed an assault upon the plaintiff which constituted an injury which was aggravated by the unskillful treatment of the physician, and that

the assault and the unskillful treatment of the physician combined to produce an injury for which defendant was liable. It is the contention of the defendant that the latter theory of recovery is outside of the issues made by the pleadings. The pleadings which are pertinent to this issue are hereinabove quoted. Certain allegations in the pleadings relating to the assault committed on plaintiff by the·agent of defendant were ordered stricken from the petition on the ground that an action for assault was barred by the statuté of limitations. Plaintiff took no exceptions to the order of the court striking said allegations, neither did he elect to stand on his pleadings. It was suggested in oral argument before the court that the cause of action for assault was not barred, but plaintiff may not take such position before the court at this time, since he is in no position to urge the error, if any, regarding the determination by the trial court that the action for assault was barred. In the case of Stockman v. Loeser, 83 Okla. 190, 201 P. 499, this court held:

"The only issues presented for a court to try are those raised by the pleadings on file when the case is tried. Issues raised by pleadings that have been voluntarily abandoned by the pleader or to which motions or demurrers have been sustained, or by pleadings that have been stricken from the files, are dead issues and not properly before the court on trial of the case unless presented in some subsequent pleading, so· as to make them a live issue."

The above rule is determinative of this proposition. What we have said distinguishes this case from those relied upon by plaintiff in support of his position that the petition sufficiently alleges an assault.

Defendant contends that it was entitled to an instructed verdict. Although the evidence was conflicting, some evidence was introduced from which it might be inferred that defendant's agent, Johnson, had implied authority to call and did call a physician to treat plaintiff. The evidence was conflicting as to the competency of the physician. There is also evidence which would permit an inference that the defendant's agent knew or should have known of such incompetency. It does not appear that defendant was entitled to an instructed verdict.

Having taken this view of the matter, it is unnecessary to consider the various other propositions presented in the briefs.

The judgment of the trial court is reversed and the cause remanded.

McNEILL, C. J., and PHELPS, CORN, and GIBSON, JJ., concur. RILEY, BAYLESS, BUSBY, and WELCH, JJ., absent.